(No. 44667)

RAYMOND SHIFFER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Nelson Laundry & Dry Cleaning System, Appellee.)

*Opinion filed January 26, 1973.*

CARLINS & KAMENSKY, of Chicago, for appellant.

WILLIAMS, DISCIPIO & DeCARLO, of Chicago (DONALD L. MASON, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Raymond Shiffer appeals from an order of the circuit court of Cook County confirming the Industrial Commission's decision denying his motion to reinstate his case, which cause had been dismissed for want of prosecution.

On February 6, 1966, appellant filed an application for adjustment of claim with the Industrial Commission for alleged injuries incurred on April 20, 1965, while employed by appellee. The cause was set for hearing on six different occasions with final notice that it be heard on August 23, 1968. The cause was dismissed on that date for want of prosecution, no one appearing in appellant's behalf.

Through his attorney, he filed a petition to reinstate alleging, *inter alia,* that the attorney was at trial in Iowa on the day the cause was dismissed. The Commission, on February 5, 1969, reinstated the cause, setting trial for May 28, 1969. No one appearing, the cause was again dismissed for want of prosecution.

Thereafter, appellant, through his attorney, moved that the second dismissal order be vacated and the cause reinstated. This motion alleged that on the last date set for hearing, the attorney was engaged in a criminal trial in Geneva, Illinois, and because said trial would not be concluded he notified his secretary and ordered her to call the Industrial Commission and request a continuance. He further claimed that the secretary was informed by the Commission that he must appear to obtain a continuance.

The hearing on this motion to vacate was continued to August 27, 1969, and at this time appellant's attorney again did not appear and the motion was denied on November 14, 1969. About one month later appellant, through his attorney, filed another motion to vacate the dismissal order and reinstate the cause alleging that on the date set for hearing on the prior motion he had been in Greece on business and that the Commission had refused

to continue the hearing on the motion to reinstate when his secretary had called. This motion was denied on January 12, 1971.

A hearing was set for May 5, 1971, on appellant's writ of *certiorari* to the circuit court of Cook County. At the request of all parties, it was continued to June 8, 1971, and we were informed during oral argument of this cause by appellant's attorney that he did not appear on the latter date after informing the judge's secretary that he did not believe it necessary. The circuit court entered an order affirming the Commission's dismissal of the cause.

Appellant here contends that the Commission abused its discretion in refusing to reinstate his case and by not granting him a continuance from May 28, 1969, the date on which the cause was dismissed. In a comparable factual situation, we have recently held that, "In a petition for reinstatement before the Industrial Commission, the burden is on the petitioner to allege and prove facts justifying the relief prayed. The granting or denying of the petition to reinstate rests in the sound discretion of the Commission." (*Zimmerman v. Industrial Com. 50 Ill.2d 346, 349.*) The record before us indicates that the Commission was extremely patient and accommodating to appellant's attorney. This cause was dismissed on two occasions for the identical reason. After the original dismissal the Commission reinstated the matter at his request and set another hearing date. However, he did not appear on this date or the date which was initially set for hearing on his subsequent petition for reinstatement.

Under the circumstances we do not believe that appellant has sustained his burden, and neither the Commission's refusal to reinstate the cause nor its failure to grant a further continuance in this matter amounted to an abuse of discretion requiring reversal of the circuit court's order.

*Order affirmed.*