(No. 49535

RUSH BERRY, Appellant, v. THE INDUSTRIAL COM-MISSION *et al.*—(Butler Manufacturing Company, Appellee.)

*Opinion filed May 26, 1978.*

Edward L. Welch, of Edwardsville, for appellant.

Thomas G. West, of West, Neagle & Williamson, of Galesburg, for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

An arbitrator for the Industrial Commission denied Rush Berry's claim for compensation under the Workmen's Compensation Act on the ground that notice of his accidental injury was not given his employer, Butler Manufacturing Company (Butler), within the time required under the provisions of the Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.1 *et seq.*). The Commission affirmed the decision of the arbitrator, and its decision was confirmed by the circuit court of Knox County. The claimant has appealed directly to this court. 58 Ill. 2d R. 302(a).

The claimant had been employed by Butler for approximately 21 years and had a history of back problems. At the time of this injury, he operated a forklift in the transportation department to move materials in the plant.

On the date of the claimed accident, according to his testimony, the claimant, shortly after he clocked into the plant at 7 a.m., stumbled over a board a few feet from his forklift truck. His legs gave way as he attempted to lift himself onto the truck. He notified his foreman of the pain in his legs and asked to be sent home. The foreman, however, referred him to the company nurse.

Testifying before the arbitrator, the claimant stated that he reported his injury to the nurse, but the nurse gave testimony that indicated she had not seen the claimant. On cross-examination she did state that she had not begun work that day until 8 a.m. and that it was improbable there ever would be a nurse on duty earlier than 8 a.m. The claimant testified that he later consulted his personal

physician, who advised him to have surgery to correct the back condition which had been aggravated by his accident. He attempted to return to work several times, but in each instance was unable to continue work because of pain in his back and legs. The claimant underwent spinal disc surgery but testified he has not been able to resume work. It appears that immediately after his injury the claimant filed an application for and received payments under a nonindustrial group insurance plan of the respondent.

The only question presented on this appeal is whether the employer was given proper notice of the claimant's accident. Section 6(c) of the Workmen's Compensation Act, at the time of the injury here, provided:

> "No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than 45 days after the accident. ***
>
>             * * *
>
> No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings of arbitration or otherwise by the employee unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy.
>
> Notice of the accident shall give the approximate date and place of the accident, if known, and may be given orally or in writing." Ill. Rev. Stat. 1967, ch. 48, par. 138.6(c).

The claimant argues that the respondent was aware of his work-related accident and that he testified to its awareness. Because of a stenographic error in the transcript of the proceeding before the arbitrator, this awareness is not evident, and he says the circuit court erred in not returning the case to the Commission for correction of the error. He says that seven months after his accident, when he inquired regarding payments under the nonoccupational group employee insurance policy, two of the respondent's supervisory employees said that "the insurance would refuse to pay them because it was an inside accident, inside

the plant, and I would have to get an attorney." The transcript reads: "They said the insurance would refuse to pay them because it wasn't an inside accident, inside the plant, and I would have to get an attorney." If the transcript were thus corrected, the claimant argues, it would show that Butler knew of the accident, though it admittedly was seven months following the accident. However, he says, if one adds the consideration that the claimant applied for nonindustrial group insurance benefits immediately after the accident, it would establish the notice to Butler within the required 45-day period.

The point that the transcript allegedly was inaccurate was originally raised by the claimant by mailing a motion to have the transcript corrected to the arbitrator at his home. There was no ruling on the motion by the arbitrator. The motion was renewed orally before one of the commissioners, who told the claimant's attorney that the motion "is really moot at this time. We will take everything under consideration in a new decision." The attorney's response was that the point would have to be argued later at a hearing before the Commission. The record does not contain a transcript of the proceedings before the Commission. It contains simply the Commission's general holding which was adverse to the claimant, without reference to the motion, which may or may not have been renewed before the Commission. There was no motion in writing made before the Commission. If the motion was argued before the Commission, as the claimant's attorney had proposed to do, we must conclude that it was denied. The Commission has the responsibility of determining factual questions, and it may have determined the transcript was not inaccurate. We would also note that the Act provides that "the Commission in its decision may in its discretion find specially upon any question or questions of law or fact which shall be submitted in writing by either party whether ultimate or otherwise

\*\*\*" (Ill. Rev. Stat. 1971, ch. 48, par. 138.19(e)). The claimant did not submit any questions under this provision as to the accuracy of the arbitration transcript.

In any event the question the claimant presented to the circuit court, and the one he presents here, was not made and preserved for the record. This court stated in *Plano Foundry Co. v. Industrial Com.* (1934), 356 Ill. 186, 193: "It is clearly the duty of the party desiring to have the case reviewed, to see that a complete record relating to any issues raised is filed by the commission upon the return to the writ of *certiorari.*" The circuit court on the record before it did not err in rejecting the claimant's contention and confirming the Commission's finding. Under the holding we have reached, there is no necessity of considering the merit of the claimant's claim that if the transcript were to be "corrected" there would be a sufficient showing of notice of the accident. The judgment of the circuit court of Knox County is affirmed.

*Judgment affirmed.*