(No. 52056

THOMAS CRANFIELD, Appellant, v. THE INDUSTRIAL
COMMISSION *et al.* (Uniroyal Company, Appellee).

*Opinion filed January 23, 1980.*

Charles Kraut Ltd., of Chicago, for appellant.

Terrance J. Van Driska and Mark A. Potter, of Chicago, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Claimant, Thomas Cranfield, appeals from an order of the circuit court of Cook County confirming the Industrial Commission's decision denying the reinstatement of his case, which had been dismissed by the arbitrator for want of prosecution.

On March 24, 1976, claimant filed an application for adjustment of claim with the Industrial Commission for alleged injuries sustained while employed by Uniroyal Company. After having been assigned to an arbitrator, the case was set for hearing on five different dates. On the final date, September 15, 1977, claimant failed to appear and his counsel stated that he was unable to proceed. The arbitrator refused to grant another continuance and, after hearing argument on the employer's motion to dismiss for want of prosecution, dismissed the case by a written order dated September 23. The relevant argument there presented was as follows:

> "MR. KRAUT: Well, I would respectfully request that the matter be continued. Mr. Cranfield is not here today and I am unable to proceed at this time. I certainly believe that if it were not for the fact that it was—that this case traveled with the other case that there probably

would be no question about a continuance; and the mere fact it happens to go along with another case shouldn't make any difference. And I think that the request should be granted, your Honor.

MR. VAN DRISKA: For the record, the respondent moved to dismiss the case for want of prosecution; and points out to the Industrial Commission that the respondent has been ready to proceed to trial in this case each and every time, and we are here today this afternoon with the understanding that we were to proceed to trial. We ask this case be dismissed for want of prosecution.

MR. KRAUT: I would just point out one other matter. For the record, I am Charles Kraut, co-counsel appearing with Joshua Landau in this matter. And again I say that if it was an independent case I feel there would be no question about the fact that we would get continuance and the fact it was allied with the other case really shouldn't make any difference.

THE ARBITRATOR: Well, counsel, I think that you have had ample opportunity to proceed in this case. The case will be dismissed. I'll write it in the form."

Notice of that decision was received by the parties on October 3.

On October 19 claimant filed a document, apparently a Commission form entitled "petition for review" and customarily used for the review of arbitrators' decisions. A hearing on that petition was set for five different dates. On the last of those dates, June 26, 1978, the Industrial Commission conducted a hearing and found that the petition for review had not been filed within 15 days after receipt of a copy of the arbitrator's decision as required by statute (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(b)). However, the Commission concluded that the document filed by claimant was in substance a petition for reinstatement, and found satisfactory compliance with Rule No. 4—(1) of the rules governing practice before the Industrial Commission, which permits a petition for reinstatement to be filed within 60 days from receipt of the dismissal order. (Rules Governing Practice Before the Industrial Commission Under the Workmen's Compensa-

tion and Occupational Diseases Act sec. 4, Rule 4—(1) (1977).) After a hearing during which both parties presented argument, the Commission denied claimant's petition for reinstatement. The relevant portion of that argument follows:

> "COMMISSIONER: *** At this point, however, Mr. Kraut, please explain to me why you believe that the petition for reinstatement should be allowed?
>
> MR. KRAUT: Because the first place, the matter was never heard on its merits.
>
> When this matter came up, I explained to Mr. Cranfield, to Mr. Van Driska and to the Court that Mr. Landau, who originally filed this case and who was originally following the case, was handling it right along, and about that time Mr. Landau had become ill and he has since resigned. He hasn't resigned, but he no longer practices before the Commission here, I understand.
>
> This hearing was at about the time when Mr. Landau was having problems and at that time he had just returned, was in the process of returning a large number of files to my office that I had referred to him.
>
> For that reason, since I had relied upon him to notify Mr. Cranfield to be present on that date and apparently Mr. Cranfield was not notified and I had tried to call him at his office.
>
> It was a rather confusing situation and it was totally unfair to the petitioner to be denied a hearing simply because of the problems of Mr. Landau's office and our office.
>
> Further, Mr. Landau no longer practices before the Commission. He is not here. I am taking control of the file now.
>
> It would have no catastrophic event would have happened if he had continued it and given him his day in court.
>
> It was not that old of a case. There are a lot of cases older than that before the Commission and I submit, in order to have justice done, we should permit the man to have his hearing."

In this appeal respondent contends that the Commission had no jurisdiction to review the arbitrator's decision since the claimant failed to file his petition for review

within the 15-day limitation period (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(b)). Had claimant in fact sought review of an arbitrator's award or other disposition of the case on the merits, we would agree. (*City of Chicago v. Industrial Com.* (1976), 63 Ill. 2d 99, 103; *Sweitzer v. Industrial Com.* (1946), 394 Ill. 141, 146-47; *Dyer v. Industrial Com.* (1936), 364 Ill. 161, 163.) Here, however, the arbitrator had simply dismissed the case for want of prosecution. In these circumstances a claimant is entitled to seek reinstatement within 60 days of receipt of the dismissal order under Rule 4—(1) of the Commission's rules of practice (Rules Governing Practice Before the Industrial Commission Under the Workmen's Compensation and Occupational Diseases Act sec. 4, Rule 4—(1) (1977)). In this situation, we find no error in the Commission's consideration of claimant's petition for review as a petition for reinstatement.

Claimant also contends that it was an abuse of discretion for the arbitrator to have refused another continuance and for the Commission to have denied reinstatement of his case. In response to similar claims this court has held: " 'In a petition for reinstatement before the Industrial Commission, the burden is on the petitioner to allege and prove facts justifying the relief prayed. The granting or denying of the petition to reinstate rests in the sound discretion of the Commission.' " *Shiffer v. Industrial Com.* (1973), 53 Ill. 2d 519, 521; quoting *Zimmerman v. Industrial Com.* (1972), 50 Ill. 2d 346, 349; see also *South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 123.

The record indicates that the arbitrator initially accommodated claimant's repeated requests for continuances. When, however, claimant failed to appear for the September 15, 1977, hearing and respondent moved to dismiss for want of prosecution, counsel for claimant gave no persuasive reason for further delay. In the hearing before the Commission on the motion to reinstate, claim-

ant's counsel emphasized the activity of Joshua Landau in filing and handling the case, his subsequent illness and his withdrawal. We note, however, that counsel's only reference to attorney Landau in his argument before the arbitrator was that he and Joshua Landau were "co-counsel." The factual discrepancies in the arguments before the arbitrator and the Commission, coupled with the vagueness of the references to another case and the time of Landau's illness and withdrawal, when considered with the absence of supporting testimony which the Commission invited, all militate in favor of the Commission's ruling. Rather clearly there has been no abuse of discretion.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*