(No. 56516.—

MERLE ROBERTS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Drovers National Bank of Chicago, Appellee).

*Opinion filed June 17, 1983.*

Richard P. Bogusz, Ltd., of Chicago (Richard P. Bogusz and Thomas F. Strzalka, of counsel), for appellant.

Braun, Lynch, Smith & Strobel, Ltd., of Chicago (Francis J. Lynch, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

On April 1, 1977, Merle E. Roberts brought this action before the Industrial Commission pursuant to section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(h)) seeking recovery for an alleged increased disability resulting from a prior industrial accident. The Industrial Commission dismissed the action for want of prosecution.

The petitioner appealed the decision of the Industrial Commission to the circuit court of Cook County, which affirmed the dismissal. The petitioner then appealed directly to this court (87 Ill. 2d R. 302(a)).

On December 18, 1979, the case was called by Commis-

sioner Duncan and no one appeared on behalf of either side. The transcript shows that Commissioner Duncan said that because the case had been continued many times before, and since he had previously stated that there would be no more continuances, he was going to dismiss the case with prejudice.

In proceedings before the Industrial Commission to vacate dismissals for want of prosecution and to reinstate claims, the burden is on the petitioner to allege and prove facts in order to justify reinstatement. It is within the sound discretion of the Commission to grant or deny reinstatement. *Cranfield v. Industrial Com.* (1980), 78 Ill. 2d 251, 255; *Shiffer v. Industrial Com.* (1973), 53 Ill. 2d 519, 521.

Mr. Roberts asserts that the Commission abused its discretion in dismissing the petition because petitioner alleges that notices were not sent to the parties advising them of the hearing date and that counsel was unaware that a hearing was scheduled on December 18, 1979.

The order of the Industrial Commission dismissing the section 19(h) petition was entered on December 24, 1979. The order recites on its face that "due notice given this cause came on for hearing before the Commission on December 18, 1979."

The petitioner asserts that he has met his burden of proof to justify vacating the Industrial Commission order that dismissed the action for want of prosecution, by demonstrating that no one appeared on behalf of either side on December 18, 1979. The evidence presented, that neither party appeared, does not prove that proper notice was not given.

According to the Industrial Commission order of December 24, 1979, proper notice was given. We therefore find that the dismissal of the claim represented a proper and sound exercise of discretion by the Industrial Commission.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

The record in this case reveals that shortly after the original petition was dismissed for want of prosecution the claimant filed a petition to reinstate which the Industrial Commission denied. This denial was improper for the reason set forth below, and I would remand the cause to the Commission for reinstatement pursuant to this court's supervisory authority.

This court has held that section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a) gives plaintiffs an absolute right to refile actions which have been dismissed for want of prosecution by circuit courts. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136; see also *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110 (order dismissing cause for want of prosecution held not appealable because of right to refile); *Flores v. Dugan* (1982), 91 Ill. 2d 108 (same).) Section 24 is not limited to common law actions filed in circuit courts, however, but applies "[i]n the actions specified in this Act or any other act or contract where the time for commencing an action is limited." (Ill. Rev. Stat. 1979, ch. 83, par. 24a.) Proceedings before the Industrial Commission are specified in an act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*), and the time for commencing them is limited (see Ill. Rev. Stat. 1979, ch. 48, par. 138.19(b)). There is no reason I can see why these proceedings should not be covered by and subject to the provisions of that Limitations Act. The claimant's petition to reinstate his action previously dismissed for want of prosecution was filed within one year of the dismissal and should have been granted, as the Act directs.

I do not agree that whether reinstatement should have been permitted is within the sound discretion of the Indus-

trial Commission, nor do I believe that there is any burden on the petitioner to justify reinstatement. The Industrial Commission is controlled by section 24 of the Limitations Act in the same way a circuit court would be. To the extent that the two opinions cited by the majority hold to the contrary, I respectfully suggest that either they were incorrectly decided or the court was not called upon to consider the relevancy of section 24, as it was not in this case.