TONJA NOTMAN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Thrif-T-Mart, Appellee).

Third District (Industrial Commission Division)   No. 3—90—0853WC

Opinion filed July 19, 1991.—Rehearing denied October 22, 1991.

Emmanuel F. Guyon, of Streator, for appellant.

John A. Nudo, of Joliet, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:
Claimant, Tonja Notman, appeals from an order of the circuit court of La Salle County confirming the Industrial Commission's

(Commission's) decision that it lacked jurisdiction to review the arbitrator's dismissal of the case.

In February 1984, claimant filed an application for adjustment of claim with the Commission, which alleged that claimant was entitled to benefits as a collateral heir seeking death penalty benefits under section 7(d) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.7(d)). William Notman, claimant's brother, was employed by respondent, Thrif-T-Mart, at the time of his death. Claimant alleged that she was dependent upon decedent. Section 7(d) of the Act requires a claimant seeking death benefits as a collateral heir to prove that she was more than 50% dependent upon the decedent. (Ill. Rev. Stat. 1985, ch. 48, par. 138.7(d).) On November 15, 1985, claimant was served with subpoenas requesting production of her income tax returns for the years 1980 to 1983 and of decedent's tax returns for the same years. On November 25, 1985, after argument, the arbitrator denied claimant's motion to quash the subpoenas and ordered her to produce the tax returns before January 6, 1986, the rescheduled hearing date. On January 6, 1986, the arbitrator continued the case to March 5, 1986, again ordering production of the documents prior to the rescheduled hearing date. On February 14, 1986, claimant forwarded documents to respondent purporting to comply with the order: the documents included various W-2 forms for claimant and decedent and claimant's 1982 State and Federal returns. On March 5, the arbitrator again continued the case for hearing until June 4, 1986, this time ordering certified copies of all documents subpoenaed to be produced. On May 7, 1986, respondent filed a motion asking that claimant's attorney be held in contempt for his repeated disregard of the Commission's orders and that the matter be dismissed with prejudice. On the final hearing date, June 4, 1986, neither claimant nor her counsel appeared. The arbitrator dismissed the case with prejudice by written order dated June 11, 1986. Such order reserved ruling on the contempt issue, but stated:

"You are further notified that unless a Petition for Review is filed with the Industrial Commission within fifteen (15) days after receipt of this order and a review perfected in accordance with the provisions of the Illinois Workers Compensation Act and the Rules of the Industrial Commission then the order of the arbitrator shall be entered as the decision of the Industrial Commission."

Claimant maintains that she never received a copy of this dismissal order. Claimant also contends that her attorney appeared before the arbitrator on June 2, 1986, and showed him a letter from the

Internal Revenue Service (IRS) indicating that the returns were forth-coming. The IRS letter states that copies of claimant's 1981 to 1984 returns were attached, but that the IRS still had not located the 1980 return.

On July 17, 1986, and August 11, 1986, claimant filed motions requesting reinstatement of the case. Claimant failed to appear at the hearing on her motion. Claimant's attorney asserts that he was informed by telephone on the day before the scheduled hearing that the Commission would be closed on that day due to a judge's funeral. (The Commission was not closed.) In an order dated August 25, 1986, the arbitrator denied claimant's motion to reinstate, specifically finding that because claimant failed to file a petition for review within the time required by statute, the Commission lost jurisdiction of the matter. On September 12, 1986, claimant filed a petition for review of the arbitrator's decision. Upon review, the Commission affirmed the arbitrator's decision, finding lack of jurisdiction. The circuit court of La Salle County confirmed.

On appeal, claimant makes several arguments. First, she contends that the Commission had no authority to enter a dismissal order for failure to produce discovery materials and therefore such order was void. Alternatively, claimant maintains that the Commission's order could only have been a dismissal for want of prosecution, for which the Act allows claimant 60 days to petition for reinstatement. Finally, claimant maintains that her petition for reinstatement, filed within 15 days after receipt of the order, was sufficient as a petition for review.

Initially, claimant contends that the arbitrator lacked authority to dismiss the cause for failure to produce the tax returns as ordered by subpoena, and that the order is, therefore, void. Respondent maintains that the order is not void because the Commission had both subject matter and personal jurisdiction and the order was within its inherent authority. We agree with respondent.

■ A "void judgment" is one entered by a court or quasi-judicial tribunal that lacks jurisdiction over the parties or subject matter or that lacks the inherent power to make or enter the decision and may be attacked at any time, either directly or collaterally. (*City of Chicago v. Fair Employment Practices Comm'n* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154.) Further, as a statutory creature, the Commission's powers derive from the statutes which authorize and create it. *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 357 N.E.2d 1154.

■ The Industrial Commission has original subject matter jurisdiction over actions, such as this one, brought under the Workers'

Compensation Act. Moreover, claimant, by filing this claim, and respondent, by responding, conferred personal jurisdiction upon the Commission. The Commission, therefore, did not lack either subject matter or personal jurisdiction. Nor do we believe that the arbitrator here lacked the inherent power to dismiss claimant's cause for her failure to produce the ordered documents.

Section 19(b) of the Act provides:

> "The Arbitrator shall make such inquiries and investigations as he or they shall deem necessary and may examine and inspect all books, papers, records, places, or premises relating to the questions in dispute and hear such proper evidence as the parties may submit." Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b).

The Act unequivocally authorizes the arbitrator to order production of documents related to disputed issues. Whether claimant was "dependent" on the decedent to the extent of 50% or more of total dependency (Ill. Rev. Stat. 1985, ch. 48, par. 138.7(d)) was a critical issue in this case, and the tax records ordered by the subpoena would likely have provided necessary information regarding that status and claimant's entitlement to relief. Claimant's repeated failure to produce these documents precluded the Commission from adequately resolving this threshold issue. Claimant suggests that the arbitrator's authority permitted him to take only two actions: hear the case and issue a written decision, as authorized by section 19(b) of the Act, or dismiss the case for want of prosecution, as authorized by Rule 7020.90 of the Industrial Commission. We disagree. Although the Act does not explicitly so provide, we believe that the arbitrator's inherent authority permitted him under the circumstances here to enter the present order. Any other result would fail to recognize the arbitrator's authority to conduct hearings and make decisions on issues raised through the filing of a claim and to reasonably dispose of cases. We find no authority to support claimant's position and, therefore, conclude that the Commission's order was not void.

■ We also decline to accept claimant's characterization of the order as a dismissal for want of prosecution, which would entitle claimant to file a petition to reinstate within 60 days. A review of the arbitrator's order reveals that the cause was not dismissed for want of prosecution, as claimant suggests, but rather for her failure to produce the tax returns. Paragraphs 3 through 8 of the four-page order refer primarily to the tax returns, tracing the chronology of the subpoena for the returns, the subsequent orders and claimant's failure to produce them. Indeed, the order details the following: the service of subpoenas in November 1985; the subsequent denial of claimant's mo-

tion to quash; claimant's purported production of documents in February 1986; orders dated November 26, 1985, January 6 and March 5, 1986, ordering production of the tax returns and continuing hearing; and the March 1986 order requiring claimant to certify the tax returns as true, complete and without alteration and to provide a letter from the IRS if the returns were lost. After setting forth the above chronology regarding the tax returns, the arbitrator dismissed the case with prejudice. Based upon the detailed reference to the tax returns and the tenor of the order, we cannot conclude that the case was dismissed for want of prosecution. Rather, the arbitrator dismissed the case because claimant failed, despite three hearing continuances over a period of several months, to supply documents which she needed to establish her claim against respondent. As such, claimant's attempt to reinstate the case was inappropriate, especially in light of the order's specific direction that unless claimant filed a petition for review within 15 days, the order would be entered by the Commission. Such procedure is also mandated by the plain language of the Act. Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b).

■ Finally, we reject claimant's argument that its petition for reinstatement was sufficient as a timely petition for review. Claimant suggests that if the Commission received the order on June 26, 1986, then processed it in due course, her petition, filed on July 15, 1986, must have been timely filed. An arbitrator's decision becomes the Commission's decision and is conclusive, absent fraud, unless a petition for review is filed by either party within 15 days after the party receives the decision and notification of when it was filed. (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b); *Wiscons v. Industrial Comm'n* (1988), 176 Ill. App. 3d 898, 531 N.E.2d 956.) By filing a motion to reinstate on July 15, 1986, claimant demonstrated that she knew at least as of that date about the arbitrator's decision. Claimant failed to file a petition for review until September 12, almost 60 days later. Such delayed action simply failed to meet the statutory filing deadline, as delineated in the arbitrator's order.

Moreover, we refuse to equate claimant's motion to reinstate with a petition for review. Claimant urges, relying on *Cranfield v. Industrial Comm'n* (1980), 78 Ill. 2d 251, 399 N.E.2d 1316, that this court should consider her petition for reinstatement as a petition for review. In *Cranfield*, the trial court confirmed the Commission's decision denying reinstatement of the case, which had been dismissed for want of prosecution. On appeal, our supreme court found that the Commission properly treated claimant's petition for reinstatement as a timely filed petition for review. The court focused on the arbitra-

tor's dismissal for want of prosecution, finding that "in these circumstances" claimant had 60 days to seek reinstatement. Importantly, the court noted: "Had claimant in fact sought review of an arbitrator's award or other disposition of the case on the merits, we would [find jurisdiction lacking.]" (*Cranfield*, 78 Ill. 2d at 255, 399 N.E.2d at 1318.) Unlike *Cranfield*, however, the arbitrator here did not dismiss the case for want of prosecution. Rather, the arbitrator dismissed the case after claimant failed, despite adequate time and various orders, to produce the required documents, which were relevant to the key issue in the case. Moreover, the respondent in *Cranfield* moved to dismiss for want of prosecution; conversely, the transcript of the June 4, 1986, hearing here reveals that the basis of respondent's motion to dismiss was the failure to produce the subpoenaed tax returns. Because claimant's eligibility for benefits turned on her ability to prove dependency, her failure or inability to produce such evidence adversely affected the merits of her claim. We, therefore, believe such dismissal is more akin to a disposition on the merits than a dismissal for want of prosecution and, as such, find *Cranfield* distinguishable from the present case.

We find that the Commission properly dismissed the 1986 petition on the ground that it lacked jurisdiction based upon claimant's failure to file a petition for review within 15 days after the arbitrator entered his decision.

For the foregoing reasons, the judgment of the circuit court of La Salle County, confirming the Industrial Commission's dismissal of the petition for lack of jurisdiction, is affirmed.

Judgment affirmed.

McCULLOUGH, P.J., and WOODWARD, STOUDER and LEWIS, JJ., concur.