CURTIS CONLEY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(Nussbaum Trucking, Appellee).

Fourth District (Industrial Commission Division)   No. 4—91—0510WC

Opinion filed May 28, 1992.—Rehearing denied July 14, 1992.

Warren E. Danz, P.C., of Peoria, for appellant.

Michael J. Kehart, of Kehart, Shafter, Hughes & Webber, P.C., of Decatur, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant's application for adjustment of claim was dismissed for want of prosecution. More than 60 days later, claimant filed a motion to reinstate the case, which the arbitrator and Industrial Commission (Commission) denied. The circuit court confirmed the Commission and claimant appeals, contending he is entitled to reinstatement because there is no evidence he received notice that his case had been dismissed. We affirm.

Claimant, represented by attorney Warren Danz, filed an application for adjustment of claim, No. WC40371, on November 18, 1983, for a heart attack occurring October 5, 1983. When the case lay dormant in excess of three years, it was dismissed by an arbitrator for want of prosecution on December 31, 1986.

A petition for reinstatement bearing a proof of service of June 16, 1987, was filed by attorney James W. Johnson. The unverified petition recited that "neither Petitioner [n]or his attorney had notice of the hearing on December 31, 1986," and claimant did not learn of the dismissal until June 10, 1987.

An objection was filed by respondent, contending the petition to reinstate was untimely because "[t]he record further shows that notice of the dismissal was dated February 20, 1987, and mailed to counsel on February 24, 1987." Attached as an exhibit was the form notice of dismissal from the Commission received by counsel for the respondent. The objection also indicated that "[t]he record further shows that a similar notice was sent to Warren Danz, Attorney at Law, on the same date" since Danz was counsel of record at that time and attorney Johnson had never entered an appearance on behalf of claimant.

Claimant filed a "rebuttal" in which he again alleged that neither he nor his attorney had notice of any December 31, 1986, hearing which resulted in the order dismissing the case for want of prosecu-

tion. Concerning respondent's allegation that attorney Danz received notice of the dismissal, the "rebuttal" stated:

"To date Petitioner had no information that such notice was received by anyone representing him. On the contrary, although the record of the commission shows that notice of dismissal was sent to Mr. Warren Danz, who formerly represented petitioner, according to Mr. Dobbs of the Industrial Commission, there is no return receipt or copy of a notice addressed to Petitioner in the file that might suggest that Mr. Danz or anyone representing Petitioner received notice."

Claimant concluded that the Commission was required to serve notice by certified mail under its rules and, therefore, he should be absolved from filing an untimely petition to reinstate.

On September 15, 1987, attorney Johnson filed a formal appearance on behalf of claimant. Attorney Danz was allowed to withdraw at that time. A hearing on claimant's petition to reinstate was held before the arbitrator that same day.

Claimant testified that he filed several applications for adjustment of claim for three heart attacks. The first attack was on September 28, 1983, and the second was approximately six days later. The third heart attack, the date of which claimant was unsure, occurred sometime in 1984. Claimant stated he learned of the dismissal of this particular application in June 1987 when he was advised of this fact by someone from his union. Claimant stated he never personally received any notice of dismissal from the Commission.

On cross-examination, claimant admitted that attorney Danz initially represented him when the applications for adjustment of claim were filed. He stated that although he later changed lawyers and retained attorney Johnson, he was unaware of whether the appropriate substitution of counsel forms were ever filed with the Commission. Claimant also conceded he had no knowledge of whether attorney Danz had received notice that the case had been dismissed. Claimant was the only witness.

Attorney Johnson then asked the arbitrator to take judicial notice of the Commission's records for two reasons. Johnson represented that from discussions with Commission personnel it was his belief there was no record that the Commission served notice of the dismissal on anyone other than counsel for the respondent. Attorney Johnson also attempted to argue that the Commission rules required actual notice to claimant irrespective of whether counsel received notice.

The arbitrator noted that attorney Johnson's oral representation that the Commission file did not indicate notice had been sent to attorney Danz was in direct contradiction to claimant's written "rebuttal" which recited that the Commission record did show that notice was sent to attorney Danz despite the fact that there was no return receipt.

The arbitrator also observed that the Commission rules did not require that parties be personally served in addition to counsel and attorney Johnson conceded that current Commission rules do not require use of certified mail by the Commission. He also agreed that although he had taken over claimant's file 18 months earlier, he had failed to file the appropriate substitution of attorney form with the Commission and attorney Danz was counsel of record for claimant at all times prior to the filing of the petition to reinstate.

In his final argument, attorney Johnson contended there was no indication in the file that attorney Danz or claimant had ever received notice that the case was set for hearing before it was dismissed on December 31, 1986. The arbitrator rejected this contention on the basis that under Commission procedures, cases which had been inactive for three years were simply dismissed and no formal hearing had been held on December 31, 1986.

Based on the contrary position claimant took in his written "rebuttal" and the oral representations made during the hearing, the arbitrator indicated she was going to consult the Commission files to determine if there was evidence that notice of the dismissal was sent to attorney Danz. In concluding the hearing, the arbitrator stated:

"I'm going to have to find out if notice was sent. If they returned it and it came back in the file, obviously he doesn't have it. But if there's no reason to think—if they mailed it and they haven't gotten it back, he has got it, and that's all there is to it.

This is not a question of whether or not I think your client's [sic] a nice person and should have his case reinstated. This is jurisdictional.
* * *
* * * And if you can't show—if you cannot show that you really didn't get notice or that Mr. Danz didn't get notice under the circumstances that would justify filing [the petition to reinstate] close to four months after the notices went out, I don't have jurisdiction to do anything about it. It's just not there.

[ATTORNEY] JOHNSON: I agree. I agree.

ARBITRATOR WHITE: It's going to hang on what that Commission file says."

An order was subsequently entered by the arbitrator denying the petition for reinstatement. The order recites that notice of dismissal was sent in accordance with Commission rules to the attorneys of record and, since the petition for reinstatement was filed more than 60 days after notice of dismissal was received by the attorneys for the parties, the Commission did not have jurisdiction to reinstate the case.

A third attorney, Stephen M. Cornelius, filed a petition for review of the order denying reinstatement on behalf of claimant. In his statement of exceptions and supporting brief, attorney Cornelius offered the following summary of the events:

"When the case was three years old it was dismissed by Arbitrator White on 12-31-86, apparently after a failure of the Petitioner to appear at the Decatur Arbitration docket in December of 1986. According to Commission records, the notice was sent to Mr. Danz. No proof of his receipt exists. No Petition to Reinstate was filed until after the 60 day time period."

Attorney Cornelius raised three issues before the Commission: (1) whether the Commission was required to give personal notice to claimant; (2) whether the arbitrator had continuing jurisdiction because an order of dismissal is not conclusive within the meaning of the statute when it was not timely appealed because it is not an order directed to the merits of the case; and (3) whether the Commission should adopt the dissenting opinion in *Roberts v. Industrial Comm'n* (1983), 96 Ill. 2d 475, 478, 451 N.E.2d 857, 858 (Simon, J., dissenting), in which Justice Simon indicated his belief that a claimant should have an absolute right to refile a petition within one year after its dismissal for want of prosecution. No additional evidence was presented by attorney Cornelius at a hearing set before the commissioner on review.

Respondent, however, offered two exhibits, which were admitted without objection by claimant. The first exhibit was a preprinted Commission notice of dismissal issued to attorney Danz in Commission case No. WC40372 (which was apparently a companion case to the one at issue here, No. WC40371). The second exhibit was an affidavit by a partner in respondent's counsel's law firm who averred that in June 1987 he examined the Commission file and found in it a notice to respondent's law firm showing a dismissal date of February 20, 1987. Attached to this affidavit was a copy of the form notice respondent received from the Commission showing dismissal of case No.

WC40371. This was the same notice originally attached to respondent's objections to the petition to reinstate.

On October 10, 1990, the Commission issued an order affirming the arbitrator. Attorney Warren Danz then filed review proceedings in the circuit court. Following the failure of either claimant or his attorney to appear at the hearing set in the circuit court, the court confirmed the Commission. A timely notice of appeal was filed by attorney Danz on behalf of claimant.

■■ The principles of law in this area are well settled. On a petition for reinstatement before the Commission, the burden is on the claimant to allege and prove facts justifying the relief sought. The granting or denying of the petition to reinstate rests in the sound discretion of the Commission. *Cranfield v. Industrial Comm'n* (1980), 78 Ill. 2d 251, 255, 399 N.E.2d 1316, 1318; *Zimmerman v. Industrial Comm'n* (1972), 50 Ill. 2d 346, 349, 278 N.E.2d 784, 786.

On appeal, claimant initially contends that there is no record anywhere of the Commission having sent attorney Danz notice of dismissal of case No. WC40371, much less evidence of a date on which the notice was received, so as to trigger the 60-day window for filing the petition to reinstate.

■■ The problem with this contention is twofold. Throughout the Commission proceedings and on appeal claimant speculates as to what the Commission file may or may not contain and what the arbitrator may or may not have reviewed. The actual Commission files which the arbitrator was asked to consider and which she indicated she would review have not, however, been made a part of the record at any point in the litigation. It is clearly the duty of the party desiring to have the case reviewed to see that a complete record relating to any issues raised is filed by the Commission. (*Berry v. Industrial Comm'n* (1978), 72 Ill. 2d 120, 124, 378 N.E.2d 507, 509.) Since the record is insufficient to resolve claimant's speculative arguments, claimant has waived them for purposes of review.

■ In addition, claimant's argument suffers from another fundamental defect. The burden of proof is on claimant to allege and prove facts justifying reinstatement. No such facts were produced before the arbitrator. Claimant initially conceded that attorney Danz was sent notice of the dismissal. While this concession was orally retracted during the hearing before the arbitrator, no evidence was ever presented by attorney Danz, either by way of testimony or affidavit, that he had not received the Commission order. Allegations of lack of notice by someone other than the individual who would have been the recipient of the notice is not proof of that fact.

■ Finally, at oral argument, claimant for the first time raised the contention that section 19(i) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(i)) requires that the Commission serve all notices required under the Act either personally or by registered mail and, for that reason, claimant's case should be reinstated. Initially, we observe this issue is waived because this particular theory and argument was not made until oral argument in the appellate court, long after it should have appropriately been raised before the arbitrator or Commission. *Forrest v. Industrial Comm'n* (1979), 77 Ill. 2d 86, 92, 395 N.E.2d 576, 579.

Even were we to consider claimant's argument on the merits, we would find it wanting. As pointed out by respondent, various provisions of the Act do require personal, certified mail, or registered mail service. (Ill. Rev. Stat. 1989, ch. 48, pars. 138.2(c), 138.4(c), 138.5(b), 138.19(b—1).) Section 19(b) states in part:

> "The decision of the Arbitrator shall be filed with the Commission which Commission shall immediately send to each party or his attorney a copy of such decision, together with a notification of the time when it was filed." (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(b).)

Section 19(i) does not require all notices to be served personally or by registered mail. The section does state that when personal or registered mail service is required, the service shall be made "at the last address so filed with the Commission." (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(i).) When no address is filed with the Commission, the party may file the notice with the Commission. The Commission is not a "party" to its own proceedings and does not "serve" documents upon anyone.

An interpretation as argued by claimant would render meaningless those sections of the Act which require a specific type of service. For example, 19(b—1) requires all service with respect to that paragraph to be "by personal service or by certified mail and with evidence of receipt." (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(b—1).) Section 19(f) is specific as to procedures in seeking review in the circuit court and service of notice upon the Commission and parties in interest. Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f).

The claimant cites *Cooke v. Industrial Comm'n* (1930), 340 Ill. 309, 172 N.E.2d 761. *Cooke* does not say personal or registered mail service is required in giving notice of an arbitrator's award. The issue in *Cooke*, as here, was whether notice was received.

■ Since claimant failed to establish at arbitration or before the Commission any facts suggesting his attorney of record, Warren Danz, did not receive notice of the dismissal of claimant's application for adjustment of claim, and because the record on appeal is insufficient to resolve claimant's speculative arguments on what the Commission file contains, it cannot be said that the Commission's decision denying claimant's petition to reinstate was an abuse of discretion.

Accordingly, the judgment of the Macon County circuit court is affirmed.

Affirmed.

RAKOWSKI, WOODWARD, STOUDER, and LEWIS, H., JJ., concur.