JOHNNIE D. BANKS, JR., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Mariah Boats, Appellee).

Fifth District   No. 5—03—0343WC

Opinion filed January 28, 2004.

Ron D. Coffel, of Ron D. Coffel & Associates, of Benton, for appellant.

Kenton J. Owens, of Brandon, Schmidt, Goffinet & Solverson, of Carbondale, for appellee.

JUSTICE CALLUM delivered the opinion of the court:

## I. INTRODUCTION

On November 2, 1995, claimant, Johnnie D. Banks, Jr., filed an application for adjustment of his claim under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1994)). On April 21, 1999, an arbitrator dismissed his claim for want of prosecution. On June 28, 1999, claimant's counsel petitioned to reinstate the claim but did not set a hearing on the petition. Claimant obtained new counsel who, on February 28, 2001, filed a second petition to reinstate. An arbitrator denied reinstatement. Claimant sought review before the Industrial Commission (Commission), which upheld the denial. Claimant sought judicial review, and the trial court confirmed the Commission's decision. On appeal, claimant argues that the Commission abused its discretion in denying claimant's petition to reinstate his claim after the dismissal for want of prosecution. We affirm.

## II. BACKGROUND

Claimant filed his application for adjustment of claim on November 2, 1995. The application alleged that, while working for employer, Mariah Boats, on June 29, 1995, claimant was injured when a coworker struck him with a pipe. No action was taken on the claim until April 21, 1999, when the claim came up on the arbitrator's monthly status call. The arbitrator entered an order stating that "[t]his cause being called for arbitration, *** and all parties hereto having received due notice, *** and [claimant] having failed to appear, it is ordered that such cause *** is hereby dismissed for want of prosecution."

On June 28, 1999, claimant petitioned to vacate the dismissal and reinstate the claim. The petition alleged that claimant's attorney received notice of the dismissal on May 12, 1999. Claimant's attorney was unaware that the matter had been set on the regular docket call and on April 21, 1999, was in court on several criminal matters. The petition did not notice a hearing date, and no action was taken on it.

Claimant obtained new counsel who, on February 28, 2001, filed a second petition to reinstate alleging that the first petition was never ruled on and, because claimant had a meritorious claim, the standards of equity and fairness mandated reinstatement. The arbitrator denied the motion, and claimant timely sought review before the Commission.

The Commission upheld the arbitrator's decision and reasoned as follows:

"The Commission finds that [claimant's] case was dismissed for want of prosecution three years and four months after the Application for Adjustment of Claim had been filed, that [claimant's] attorney of record had an obligation to keep track of this claim and that [claimant's] attorney *** filed a timely motion to reinstate this matter but failed to comply with Commission rule 7020.90(b). The Commission finds no evidence the Arbitrator abused his discretion in dismissing this claim. The Commission has done its own review of the record and finds no reason to reinstate the claim."

Claimant sought judicial review, and the trial court confirmed the Commission's decision. Claimant timely appealed.

## III. DISCUSSION

■ On appeal, claimant argues that the Commission erred in refusing to reinstate his claim. On a petition to reinstate before the Commission, the burden is on the claimant to allege and prove facts justifying the relief sought. *Bromberg v. Industrial Comm'n*, 97 Ill. 2d 395, 400 (1983). Whether to grant or deny a petition to reinstate rests within the sound discretion of the Commission. *Conley v. Industrial Comm'n*, 229 Ill. App. 3d 925, 930 (1992).

■ The Commission's rules provide that written notices will be sent to the parties only for the initial status call setting on arbitration. 50 Ill. Adm. Code § 7020.60(a) (2002). Thereafter, the cases are continued at three-month intervals until the case has been on file with the Commission for three years, set for trial, or otherwise disposed of. 50 Ill. Adm. Code § 7020.60(a) (2002). When a case has been on file with the Commission for three years or more, the parties or their attorneys must be present at each status call on which the case appears. 50 Ill. Adm. Code § 7020.60(b)(2)(C)(i) (2002). If the claimant or the claimant's attorney fails to appear at a status call upon which the case appears, then the case shall be dismissed for want of prosecution except upon a showing of good cause. 50 Ill. Adm. Code § 7020.60(b)(2)(C)(ii) (2002).

■ Where a cause has been dismissed from the arbitration call for want of prosecution, a party may petition to reinstate it within 60 days of receiving the dismissal order. 50 Ill. Adm. Code § 7020.90(a) (2002). The petition must "set forth the reason the cause was dismissed and the grounds relied upon for reinstatement. The petition must also set forth the date on which Petitioner will appear before the Arbitrator to present his petition." 50 Ill. Adm. Code § 7020.90(b) (2002). "The Arbitrator shall apply standards of fairness and equity in ruling on the Petition to Reinstate and shall consider the grounds

relied on by Petitioner, the objections of Respondent and the precedents set forth in Commission decisions." 50 Ill. Adm. Code § 7020.90(c) (2002).

Claimant stresses that his petition to reinstate was timely and argues that the Commission erred in imposing requirements not contained in the rules. According to claimant, the rules do not state that a petition to reinstate must be heard within a certain time, and the Commission essentially imposed such a requirement. Also, claimant argues that he substantially complied with Rule 7020.90 and, as a result, the Commission abused its discretion in refusing to reinstate the claim.

Although not binding on the courts, the Commission's interpretation of its rules is entitled to deference and will be set aside only if it is clearly erroneous, arbitrary, or unreasonable. *Shannon v. Industrial Comm'n*, 160 Ill. App. 3d 520, 522 (1987). Here, the Commission found that claimant filed a timely petition but failed to comply with Rule 7020.90(b). That rule plainly requires that a petition must set forth the date on which the claimant will appear before the arbitrator to present his petition. Rule 7020.70, which governs general motion practice, states that, with exceptions that do not apply here, all motions must be accompanied by a "notice of motion" form and set forth the date on which the movant will appear before the arbitrator or a commissioner to present the motion. 50 Ill. Adm. Code § 7020.70(a) (2002). Although the rules do not specifically require that a hearing on the petition take place within a certain time, they do require that the claimant notice the petition for a hearing. There is no dispute that claimant's petition failed to comply with these requirements.

■ This claim presents a useful example of the reason for the rule. Claimant's attorney filed a timely petition, but no hearing on the petition was scheduled until almost two years later. By the time the arbitrator heard the petition, almost 5½ years had passed since the filing of the application for adjustment of claim. In a claim involving an altercation with a coworker and most likely the issue of who was the initial aggressor, the potential prejudice resulting from the delays in prosecuting this claim is apparent. After a lengthy delay like the one here, witnesses may be unavailable or their ability to recall the incident may be diminished. Neither Rule 7020.90 nor the Commission's interpretation of the rule is arbitrary or unreasonable.

Claimant argues that *Cranfield v. Industrial Comm'n*, 78 Ill. 2d 251 (1980), stands for the proposition that substantial compliance with Rule 7020.90 is sufficient. *Cranfield* does not support claimant's position, however. There, the hearing on the claim had been continued several times. On the final date, the claimant failed to appear, and

claimant's counsel stated that he was unable to proceed. The arbitrator refused to grant another continuance and granted the employer's motion to dismiss for want of prosecution. The claimant filed a document entitled "petition for review." The Commission found that the petition was in substance a petition to reinstate. Because the petition complied with the predecessor to Rule 7020.90, the Commission treated it as such. The court found that the Commission properly treated the "petition for review" as a petition to reinstate. *Cranfield*, 78 Ill. 2d at 255.

Claimant argues that "the pleader in the Cranfield Case did not plead a date by which the Petitioner would present the reinstatement for hearing, because the pleader never intended the document to be considered as such." There is no indication in *Cranfield* that the claimant's petition failed to include the date on which the claimant would appear before the Commission to present the petition. In fact, the court's opinion states that the petition was set for a hearing five times. *Cranfield*, 78 Ill. 2d at 253.

Claimant also relies on *Sprinkman & Sons Corp. v. Industrial Comm'n*, 160 Ill. App. 3d 599 (1987). There, the claimant filed her writ of *certiorari* for circuit court review 12 days after the Commission issued a predecision memorandum but before it issued its official decision. The employer argued that the writ was premature and therefore that the court lacked jurisdiction to review the Commission's ruling. The claimant argued that, because the predecision memorandum was identical to the final decision, she substantially complied with section 19(f)(1) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1) (now 820 ILCS 305/19(f)(1) (West 2002))). The court agreed and held that substantial compliance was sufficient to vest the trial court with jurisdiction. *Sprinkman & Sons*, 160 Ill. App. 3d at 602.

The rationale of *Sprinkman & Sons* does not apply here. That decision was based on the concern over simplifying procedure, honoring substance over form, and preventing technicalities from depriving a party of the right to be heard. *Sprinkman & Sons*, 160 Ill. App. 3d at 601; see also *Forest Preserve District of Cook County v. Industrial Comm'n*, 305 Ill. App. 3d 657, 660 (1999). Here, the Commission did not rely on a mere technical defect to deny the petition. The petition's failure to comply with Rule 7020.90(b) resulted in the petition not being called for a hearing until almost two years after it was filed. Moreover, one rationale for the holding in *Sprinkman & Sons* was that the employer failed to show that it was prejudiced by the premature writ. *Sprinkman & Sons*, 160 Ill. App. 3d at 602. Here, as the delays mounted, the potential for prejudice to employer increased. There is nothing in *Cranfield, Sprinkman & Sons*, or any other deci-

sion supporting claimant's contention that "the Supreme Court employs a highly relaxed construction of Petitions to Reinstate in favor of employees bringing claims for work related injuries." A party must exercise due diligence in pursuing his or her claim before the Commission. *Contreras v. Industrial Comm'n*, 306 Ill. App. 3d 1071, 1076 (1999). The Commission reviewed the record, appropriately applied "standards of fairness and equity," and saw no reason to reinstate the claim.

Finally, claimant argues that standards of fairness and equity supported reinstatement. Claimant stresses that the claim was dismissed at a status call hearing, there is no indication that claimant or his counsel repeatedly requested continuances or failed to appear at prior hearings, and there were no prior dismissals for want of prosecution. These arguments ignore that the claim languished for over three years before the arbitrator dismissed it for want of prosecution. There was a lengthy delay between the filing of the initial petition to reinstate in June 1999 and February 2001, when a hearing on the petition was finally scheduled. Also, claimant asserts that, because status call hearings are held only one morning per month, between July 1999 and February 2001, claimant's counsel had only 18 half days, *i.e.*, 9 full days, during which to present the petition to reinstate. Thus, according to claimant, under these circumstances, the delay was not the result of a lack of diligence in presenting the motion. This creative but unconvincing argument ignores that the petition failed to comply with Rule 7020.90(b) and that counsel missed numerous opportunities to notice a hearing on the petition. Under these circumstances, we cannot say that the Commission abused its discretion in denying the petition.

## IV. CONCLUSION

The judgment of the circuit court of Franklin County confirming the Commission's decision is affirmed.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, HOLDRIDGE, and GOLDENHERSH, JJ., concur.