2016 IL App (1st) 143129WC

NO. 1-14-3129WC

Opinion filed: February 11, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION
_____

| | | |
|---|---|---|
| EVELYN FARRAR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14-L-50223 |
| | ) | |
| THE ILLINOIS WORKERS' COMPENSATION | ) | Honorable |
| COMMISSION *et al.* (United Airlines, Inc., | ) | Roberto Lopez Cepero, |
| Appellee). | ) | Judge, presiding. |

_____

JUSTICE STEWART delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and Harris concurred
in the judgment and opinion.

**OPINION**

¶ 1     The only issue raised in this workers' compensation appeal is whether section

13-217 of the Code of Civil Procedure (the Code) (735 ILCS 5/13-217 (West 1994))

applies to claims filed under the Workers' Compensation Act (the Act) (820 ILCS 305/1

*et seq.* (West 2012)) that are dismissed for want of prosecution.  Section 13-217 of the

Code allows a party to refile an action within one year after the action has been dismissed

for want of prosecution regardless of whether the statute of limitations has expired during the pendency of the original filed action.

¶ 2    The facts leading up to this appeal are undisputed.  The claimant, Evelyn Farrar, worked as a pilot for the employer, United Airlines, Inc., when she timely filed a proof of claim under the Act.  The Illinois Workers' Compensation Commission (the Commission) dismissed her claim for want of prosecution, and she did not file a petition to reinstate her claim within 60 days pursuant to Commission Rule 9020.90(a) (50 Ill. Adm. Code 9020.90(a) (2015)).[1]  Instead, she filed a new claim for the same accident over 11 months after the Commission dismissed the first claim.  When she refiled her claim, the statute of limitations on her claim had expired.

¶ 3    The employer moved to dismiss the new claim, arguing that it was untimely under the Act's statute of limitations and on *res judicata* grounds.  In response, the claimant argued that, pursuant to section 13-217 of the Code, she had one year to refile her claim even though the statute of limitations had expired.  The arbitrator granted the employer's motion to dismiss the claim, holding that section 13-217 did not apply to claims under the Act that are dismissed for want of prosecution.  The Commission affirmed and adopted the arbitrator's decision, and the circuit court entered a judgment confirming the Commission's decision.  The claimant now appeals the circuit court's judgment.

---

[1]    This rule was originally codified at 50 Ill. Adm. Code 7020.90 (1982).  On July 10, 2015, the rule was recodified as 50 Ill. Adm. Code 9020.90 (2015).  No substantive changes were made to the rule as a result of the recodification.  50 Ill. Adm. Code 7020.90(1982) (now codified as 50 Ill. Adm. Code 9020.90, amended at 39 Ill. Reg. 9603 (eff. July 10, 2015)).

¶ 4                                                BACKGROUND

¶ 5     The parties agree that the claimant sustained an accidental injury arising out of and in the course of her employment on April 19, 2003, when turbulence caused injuries to her neck. The employer began paying the claimant's medical expenses and temporary total disability benefits. The claimant's medical treatments after the accident included a cervical fusion at the C5-6 and C6-7 levels in January 2007.

¶ 6     On February 19, 2008, the claimant filed an application for adjustment of claim under the Act. The last day the employer paid any compensation in connection with the accident was July 30, 2008. On April 28, 2011, an arbitrator dismissed the claimant's claim for want of prosecution. The claimant did not file a petition to reinstate the claim. Instead, on April 13, 2012, the claimant filed a new application for adjustment of claim for the same work-related accident.

¶ 7     The parties do not dispute that the statute of limitations had expired on the claimant's claim prior to the time she filed her new application for adjustment of claim. The employer moved to dismiss the claim, arguing that it was untimely under the applicable statute of limitations and that the previous dismissal for want of prosecution became a final judgment when the claimant did not timely file a petition to reinstate the claim pursuant to Commission Rule 9020.90. In response, the claimant cited section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)) as authority for refiling the claim within one year after it was dismissed for want of prosecution, regardless of the language of Commission Rule 9020.90 or whether the statute of limitations had expired.

3

¶ 8     The arbitrator granted the employer's motion to dismiss the claim.  The arbitrator held that the prior dismissal of the claim for want of prosecution became a final judgment on the merits and that the new claim was barred by *res judicata*.  The arbitrator also held that section 13-217 of the Code did not apply to claims under the Act that are dismissed for want of prosecution.  Therefore, the arbitrator concluded, the claimant's refiled claim was also untimely under the applicable statute of limitations.  The Commission affirmed and adopted the arbitrator's decision, and the circuit court entered a judgment confirming the Commission's decision.  The claimant now appeals the circuit court's judgment.

¶ 9                                        ANALYSIS

¶ 10     The issue that we must decide is whether section 13-217 of the Code applies to workers' compensation claims that are dismissed for want of prosecution.

¶ 11     Section 13-217 of the Code provides that in personal "actions specified in Article XIII of [the Code] or any other act or contract where the time for commencing an action is limited, if *** the action is dismissed for want of prosecution ***, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution."  735 ILCS 5/13-217 (West 1994).[2]  "The purpose of section 13-217 [of the Code] is to extend the limitations period to enable plaintiffs to refile a case when their

_____

[2]     "The version of section 13-217 in effect is the version that preceded the amendments to Public Act 89-7 (Pub. Act 89-7, eff. March 9, 1995), which our supreme court found unconstitutional in its entirety."  *Domingo v. Guarino*, 402 Ill. App. 3d 690, 698 n.3, 932 N.E.2d 50, 58 n. 3 (2010).

complaints suffer defects, primarily procedural in nature, which have resulted in dismissal without resolution on the merits." *National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 834, 652 N.E.2d 1108, 1111 (1995).

¶ 12    Under the language of the Act, however, the legislature granted the Commission the authority to "make and publish procedural rules and orders" governing the litigation of claims before it so that the process and procedure before it "shall be as simple and summary as reasonably may be."  820 ILCS 305/16 (West 2012).  Therefore, when the Act or the Commission's rules regulate a procedural area or topic, the Act or the Commission's rules apply, not the Code.  *Preston v. Industrial Comm'n*, 332 Ill. App. 3d 708, 712, 773 N.E.2d 1183, 1188 (2002).

¶ 13    Neither the Act nor the procedural rules implemented by the Commission have adopted section 13-217 of the Code, or similar language, for workers' compensation claims that are dismissed for want of prosecution.  See 50 Ill. Adm. Code 9020.10 *et seq.* (2015).  Instead, Commission Rule 9020.90(a) governs the reinstatement of claims that have been dismissed for want of prosecution as follows: "Where a cause has been dismissed from the arbitration call for want of prosecution, the parties shall have 60 days from receipt of the dismissal order to file a petition for reinstatement of the cause onto the arbitration call."  50 Ill. Adm. Code 9020.90(a) (2015).  Commission Rule 9020.90(b) requires the claimant to set forth the reasons the case was dismissed and the grounds relied upon for reinstatement.  50 Ill. Adm. Code 9020.90(b) (2015).  The determination of whether the case should be reinstated must be based on "standards of fairness and

equity" after considering the grounds relied on by the claimant and any objections of the employer. 50 Ill. Adm. Code 9020.90(c) (2015).

¶ 14 Therefore, when the Commission dismisses a workers' compensation claim for want of prosecution, the claimant has 60 days from receipt of the dismissal order to file a petition for reinstatement. A claimant seeking to reinstate a claim also has the burden of alleging and proving facts to justify reinstatement. *Roberts v. Industrial Comm'n*, 96 Ill. 2d 475, 477, 451 N.E.2d 857, 857 (1983); *Banks v. Industrial Comm'n*, 345 Ill. App. 3d 1138, 1140, 804 N.E.2d 629, 631 (2004). Whether to allow or deny a claimant's request to reinstate the claim rests with the sound discretion of the Commission. *Roberts*, 96 Ill. 2d at 477, 451 N.E.2d at 857; *Banks*, 345 Ill. App. 3d at 1140, 804 N.E.2d at 631. In addition, the 60-day time limit for filing a petition to reinstate is jurisdictional in nature. *TTC Illinois, Inc./Tom Via Trucking v. Illinois Workers' Compensation Comm'n*, 396 Ill. App. 3d 344, 354, 918 N.E.2d 570, 579 (2009). As a result, a claimant's failure to timely file a petition for reinstatement following a dismissal for want of prosecution results in a final judgment with respect to the claimant's rights to recover workers' compensation benefits arising from the claim.

¶ 15 The claimant argues that there is no conflict between Commission Rule 9020.90 and section 13-217 of the Code because section 13-217 provides for "refiling" while Commission Rule 9020.90 provides for "reinstatement." Therefore, the claimant argues, section 13-217 of the Code should apply. We disagree.

¶ 16 "In construing rules and regulations promulgated by an administrative agency, the same rules used to interpret statutes apply." *Mora v. Industrial Comm'n*, 312 Ill. App. 3d

266, 271, 726 N.E.2d 650, 653 (2000). "The fundamental rule of statutory construction is to ascertain the intent of the lawmakers." *Id.* "In ascertaining the legislative intent, we must look at the specific language of the rule or regulation and evaluate the wording in its entirety." *Id*.

¶ 17   The wording of Commission Rule 9020.90 in its entirety reveals the Commission's intent that Commission Rule 9020.90 be the sole means for reviving a workers' compensation claim that is dismissed for want of prosecution. Commission Rule 9020.90 details specific requirements for a petition to reinstate, prescribes a 60-day time limitation for petitioning to reinstate, and sets out a discretionary standard for deciding whether to reinstate. The application of section 13-217 of the Code to allow the refiling of workers' compensation claims that have been dismissed for want of prosecution, beyond 60 days, up to a year after dismissal, after the statute of limitations has expired, and without a showing of any justification for refiling would render the requirements of Commission Rule 9020.90 meaningless.

¶ 18   Therefore, in the present case, because the claimant failed to file a petition to reinstate her original claim pursuant to Commission Rule 9020.90, the Commission properly dismissed her refiled claim on *res judicata* and statute of limitations grounds.

¶ 19                              CONCLUSION

¶ 20   For the foregoing reasons, we affirm the judgment of the circuit court that confirmed the Commission's decision.


¶ 21   Affirmed.