JOHN M. MYERS, Plaintiff-Appellee, v. INTERNATIONAL HARVESTER COMPANY (FARMALL WORKS), n/k/a Navistar International Transportation Company, Defendant-Appellant.

Third District  No. 3—90—0572

Opinion filed April 15, 1991.—Rehearing denied May 21, 1991.

James M. O'Brien, of Pope, Ballard, Shepard & Fowle, Ltd., of Chicago, for appellant.

Harrison H. Kavensky, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, John M. Myers, brought this action for entry of judgment against the defendant, Navistar International Transportation Company. The trial court entered judgment in favor of the plaintiff, and the defendant appeals. We reverse.

The record shows that the plaintiff filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 et seq.). Thereafter, on July 26, 1989, the Industrial Commission (Commission) entered an order finding that the plaintiff was permanently and totally disabled. As part of the Commission's award, the defendant was to provide the plaintiff with "an installed, all-season Coronado whirlpool." In its findings, the Commission also stated that the whirlpool was to be installed in the plaintiff's home. Neither party appealed the Commission's decision.

The record further shows that due to the size of the 10-person whirlpool, it could not be installed in the plaintiff's home. The parties proceeded to obtain construction bids on the cost of building a separate structure in which the whirlpool could be installed. It was determined that the total cost for the whirlpool and structure would be approximately $38,000.

No construction was started, however, due to a dispute between the parties as to whether separate meters needed to be installed to measure the electrical power and cost of heating the whirlpool. The parties also disagreed about who would be responsible for the costs of heating, maintaining, and cleaning the unit. Finally, the parties disagreed about where the whirlpool should be installed since it could not be put in the plaintiff's home. In conjunction with this, a question arose as to what amenities were to be installed in the separate structure if it were built.

Thereafter, on February 5, 1990, the defendant filed a request with the Industrial Commission seeking a hearing to resolve the dis-

puted issues. A hearing was set for April 20, 1990, and was later rescheduled for July of 1990.

On February 9, 1990, prior to any hearings by the Commission, the plaintiff filed a complaint for judgment in the circuit court of Rock Island County. The plaintiff requested that the trial court enter judgment against the defendant pursuant to section 19(g) of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)). On July 12, 1990, the court entered judgment in favor of the plaintiff and ordered the defendant to provide the plaintiff with an installed whirlpool.

On appeal, the defendant argues that the trial court improperly entered judgment against it since proceedings for review were pending before the Commission. We agree.

■ When no proceedings for review are pending, a party may present a certified copy of the Commission's final decision to the circuit court of the county in which the accident occurred or either of the parties is a resident, whereupon the court shall enter a judgment in accordance therewith. Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g); see *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 383 N.E.2d 207.

■ Here, in February of 1990 the defendant filed a motion with the Commission requesting that it review and clarify its order regarding the installation of the whirlpool. The trial court did not enter its judgment until July of 1990, a date well past the commencement of the action before the Commission. As the record shows then, a petition for review involving the same issue presented to the trial court was pending before the Commission at the time of the trial court proceedings. Therefore, since the statute specifically provides that entry of judgment is not possible when review proceedings are pending, we find that the trial court's entry of judgment was premature.

We note that the plaintiff filed a motion, which was taken with the case, requesting that we impose sanctions against the defendant for filing a frivolous appeal. Based on our disposition of the case, we deny the plaintiff's motion.

The judgment of the circuit court of Rock Island County is reversed.

Reversed.

McCUSKEY and SLATER, JJ., concur.