KEYSTONE STEEL AND WIRE, Plaintiff and Cross-Defendant and Appellee and Cross-Appellant, v. SAMUEL D. COOKSEY, Defendant and Cross-Plaintiff and Appellant and Cross-Appellee.

Third District   No. 3—91—0568

Opinion filed April 30, 1992.—Rehearing denied June 10, 1992.

Warren E. Danz, P.C., of Peoria (Diane E. Greanias, of counsel), for appellant.

Stevenson, Rusin & Friedman, of Chicago (John A. Maciorowski, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Employee and employer appeal the trial court's entry of judgment on a workers' compensation award. We conclude the complaint and application for entry of judgment should have been dismissed for lack of subject matter jurisdiction. We reverse the denial of employer's motion to dismiss and remand to the Industrial Commission for further proceedings.

In 1980, Samuel Cooksey, suffered a heart attack while employed by Keystone Steel & Wire (Employer). An application for adjustment of claim was filed pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 et seq.). The arbitration proceeding occurred on May 3, 1982.

The stipulation sheet submitted at arbitration showed that Employer had paid Cooksey $7,321.31 in nonoccupational group disability benefits. Of that sum, $5,737.31 was paid in sickness and accident benefits under Employer's group welfare benefit plan. The remaining $1,584 had been paid pursuant to Employer's disability pension plan.

Cooksey disputed Employer's claimed entitlement to credit under section 8(j) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(j)) for the amounts paid under the plans.

The arbitrator issued a memorandum decision on August 13, 1982. The arbitrator awarded Cooksey $286.67 in weekly section 8(f) benefits (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(f)). The parties dispute whether and to what extent the arbitrator allowed Employer credit under section 8(j) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(j)) for benefits paid under Employer's disability plans.

On August 31, 1982, Employer filed a petition for review with the Industrial Commission (Commission) pursuant to section 19(e) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(e)). Pending the Commission's decision, Employer continued to pay Cooksey $394 per month under its disability plan. Employer did not pay the benefits accrued by reason of the arbitrator's award. Three days later, Cooksey also filed a petition for review.

The decision and opinion on review indicate that the only issue for which review was sought was the nature and extent of Cooksey's injury. (The Commission held that Employer had waived the issue of accident by not including it on the stipulation sheet for review.) The Commission affirmed the arbitrator's decision of permanent and total disability. The Commission made its own findings as to the accident and nature and extent of the injury. The Commission also ordered Employer to pay interest under section 19(n) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(n)). Bond for removal of the cause to the circuit court was set at $75,000.

On July 5, 1985, Employer filed a petition for judicial review under sections 19(f)(1) and (f)(2) of the Act (Ill. Rev. Stat. 1989, ch. 48, pars. 138.19(f)(1), (f)(2)). On December 3, 1986, the circuit court of Peoria County affirmed the decision of the Commission. On December 17, 1986, Employer tendered a check to Cooksey and his attorney in the amount of $79,777.94. Employer discontinued its monthly payments to Cooksey of $394 in disability plan benefits. Cooksey refused to accept the check and subsequent checks issued by Employer. Cooksey did not cash any of the checks issued by Employer until May 1, 1988, because he feared an offset in his social security benefits. (Cooksey reached age 65 on May 1, 1988.) Cooksey has cashed subsequent weekly benefit checks.

On December 1, 1989, Cooksey filed a petition with the Commission for attorney fees and penalties. Cooksey acknowledged tender of the weekly benefit checks, but questioned Employer's calculation of the award due. After a number of continuances, argument before the

Commission occurred on May 30, 1991. No decision has been rendered by the Commission.

On July 26, 1990, the Commission granted Employer's motion for attorney fees and expenses based on Cooksey's failure to cash the tendered award draft. Cooksey later filed a motion to vacate the order, which has not been acted upon by the Commission.

On April 15, 1991, Cooksey filed a complaint and application in the circuit court of Peoria County for entry of judgment pursuant to section 19(g) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)). Cooksey's section 19(g) petition was based on the final decision of the arbitrator of the Commission. Prior to a decision by the circuit court, the parties appeared on May 30, 1991, before the Commission on Cooksey's motion for section 19(k) penalties (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(k)). No decision has been received from the Commission on that motion. Also pending before the Commission is Employer's motion under section 19(f) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f)) for correction and specification of amount to be made.

Cooksey's section 19(g) petition in the circuit court requested judgment on the arbitrator's award, simple interest at 6%, judgment on amounts accruing after the arbitrator's decision, interest on those amounts pursuant to section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303), and attorney fees. Employer filed a motion to dismiss for lack of subject matter jurisdiction. The trial court denied Employer's motion to dismiss and entered judgment in favor of Cooksey and against Employer. In addition, the court found Employer's original tender proper and refused to award either party interest or attorney fees. Both parties appeal the trial court's order.

Employer maintains that the trial court lacked subject matter jurisdiction because Cooksey failed to comply with the provisions of section 19(g) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)). Specifically, Employer argues that the trial court lacked subject matter jurisdiction because proceedings on review were pending before the Commission. We agree.

Section 19(g) of the Act provides:

> "[E]ither party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, *when no proceedings for review are pending*, providing for the payment of compensation according to this Act ***." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).

The Commission entered its decision and opinion on review on June 12, 1985. Three additional matters were filed subsequent to the Commission's decision, two of which are pending before the Commission:

(1) Cooksey filed an amended petition for penalties and attorney fees in April 1991 (originally filed December 1, 1989). The petition was argued May 30, 1991. The Commission has not rendered a decision. Cooksey alleged vexatious delay in payment, intentional underpayment of compensation, and frivolous appeals as alternative bases for the imposition of section 19(k) penalties and section 16 attorney fees.

(2) Employer filed a motion for attorney fees and expenses for its appearance at Cooksey's penalties petition and for expense of annual bond renewal. The motion was granted on May 7, 1991.

(3) Employer filed a motion under section 19(f) 29 days after Cooksey filed his application for entry of judgment. No ruling has been received.

This court has previously determined that section 19(g) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)) specifically provides that entry of judgment is not possible when review proceedings are pending. (*Myers v. International Harvester Co.* (1991), 212 Ill. App. 3d 325, 327, 570 N.E.2d 1189, 1191.) The trial court's entry of judgment was therefore premature. Cooksey requested the Commission to calculate the amount due and owing, including interest, and assess attorney fees and penalties. Cooksey's election to pursue relief from the Commission precludes him at this time from seeking a judgment in the circuit court under section 19(g).

Cooksey's application should have been dismissed for lack of subject matter jurisdiction since proceedings for review were pending before the Commission on Cooksey's own motion of December 1, 1989. Accordingly, we reverse the circuit court's denial of Employer's motion to dismiss, and we remand to the Commission for further proceedings on all pending matters.

Reversed and remanded.

GORMAN and HAASE, JJ., concur.