S J S INVESTMENTS, LTD., Plaintiff-Appellant, v. 450 EAST PARTNER-SHIP, a/k/a 450 East Ohio Partnership, Indiv. and as Beneficial Owner of 450 East Ohio Street, Chicago, Illinois, Defendant-Appellee.

First District (5th Division)   No. 1—91—0801

Opinion filed July 17, 1992.

Stephen J. Schostok, of Laser, Schostok, Kolman & Frank, of Chicago, for appellant.

Gerald D. Mindell, of Sperling, Slater & Spitz, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, S J S Investments, Ltd., appeals from an order granting summary judgment on its complaint for specific performance in favor

of defendant, the 450 East Partnership. We consider whether plaintiff elected its remedy under the contract when it requested the return of its earnest money. For the following reasons, we affirm.

In plaintiff's complaint, it alleged that on February 1, 1988, it contracted with defendant to buy real property located at 450 East Ohio in Chicago. Under the contract, which was attached to the complaint, plaintiff was required to deposit earnest money which would be held in escrow with the title company. The contract stated that "[i]f this contract is terminated without Purchaser's fault, at the option of Purchaser, it may either have returned to it the entirety of all earnest money deposited, or require specific performance from the Seller."

The contract was also contingent on plaintiff obtaining a mortgage within a certain time period. If plaintiff was unable to obtain financing, it could give defendant written notice of that fact within two days of the expiration of the period. Then defendant, in its discretion, could consent to plaintiff assuming the existing financing on the property. If defendant failed to consent within 14 days of receiving plaintiff's notice, then the contract would be declared null and void and the earnest money would be returned to plaintiff.

The contract initially required plaintiff to obtain financing within 45 days or by March 16; however, the parties agreed to extend the time period to May 18 and scheduled the closing for June 15. On May 18, plaintiff notified defendant in writing that it had not obtained the financing. After May 18 but prior to June 15, plaintiff obtained financing but defendant refused to close the sale. Plaintiff alleged that it was ready, willing, and able to complete the sale "by further deposit of such sums and documents" and requested specific performance.

Defendant answered the complaint and denied the material allegations. It also moved for summary judgment, arguing that plaintiff elected its remedy under the contract because it withdrew its earnest money deposit from escrow. In addition to the contract and letters between the parties, defendant relied on the affidavit of its attorney, John J. Vondran. Defendant also moved for sanctions under section 2–611 (Ill. Rev. Stat. 1987, ch. 110, par. 2–611). Plaintiff responded to the motion for summary judgment and relied on the affidavit of its president, Stephen J. Schostok. The following relevant facts were derived from the evidence presented in support of and in opposition to defendant's motion for summary judgment.

After the parties agreed to extend the mortgage contingency period to May 18, plaintiff's lender, who had previously committed to financing the sale, advised plaintiff that financing was no longer available. As a result, in a letter dated May 18, plaintiff notified defendant

and the title company that it did not obtain financing. However, on the title company's copy of the letter, plaintiff requested the return of its earnest money. Stephen Schostok, plaintiff's president, stated in his affidavit that the next day he telephoned defendant and the title company and said he did not want the earnest money returned at that time but wanted to secure financing and close the sale as scheduled. He also asserted that he did not withdraw the earnest money at that time.

In a letter dated June 6, plaintiff informed defendant that a lender promised financing and requested defendant to prepare a closing statement. In a letter dated June 10, defendant responded that it considered the contract expired when plaintiff notified defendant that it did not obtain financing on May 18. Defendant also stated that it did not close the escrow account as a matter of convenience because plaintiff advised that it would continue to seek financing and, if successful, plaintiff would propose a reinstatement of the contract.

Schostok asserted in his affidavit that, on June 14 and 15, plaintiff informed defendant that the sale could close on June 15 because it obtained the financing. John Vondran, defendant's attorney, told Schostok that he did not receive defendant's final decision as to whether it would close the sale.

On June 23, defendant informed plaintiff that it would not close the sale and considered the contract terminated. Also on June 23, plaintiff wrote a letter to the title company stating that defendant was in default under the contract and requested the return of its earnest money in escrow. A copy of the letter was sent to defendant. The earnest money was returned to plaintiff.

After considering the documents and affidavits presented for the motion, the trial judge granted summary judgment in defendant's favor, finding that plaintiff elected its remedy when it requested the return of its escrow deposit from the title company.

Plaintiff appealed. This court dismissed the appeal because the trial judge did not enter a Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) finding although defendant's motion for attorney fees was still pending. (*S J S Investments, Ltd. v. La Salle National Bank* (1991), 210 Ill. App. 3d 228, 569 N.E.2d 49.) After the appeal was dismissed, the trial judge entered the requisite Rule 304(a) finding and plaintiff appealed.

OPINION

Plaintiff argues that summary judgment was improper because the trial judge decided a question of fact when it found that plaintiff

elected its remedy under the contract. Plaintiff contends that the issue was one of fact because the judge must determine whether it "consciously chose the remedy of escrow withdrawal over specific performance" and asserts that it removed the earnest money as a "temporary measure" rather than as an abandonment of the contract.

Summary judgment should be entered when the pleadings, depositions, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2–1005(c).) In considering whether to grant summary judgment, the trial court must construe the evidence strictly against the movant and liberally in favor of the opponent and should only enter summary judgment when the right of the movant is clear and free from doubt. *Wilder Binding Co. v. Oak Park Trust & Savings Bank* (1990), 135 Ill. 2d 121, 552 N.E.2d 783.

■■ A remedy based on affirmance of a contract is inconsistent with a remedy arising from the same facts and based on disaffirmance of the contract; election of one remedy is an abandonment of the other. (*Durr v. Beatty* (1986), 142 Ill. App. 3d 443, 491 N.E.2d 902.) The doctrine of election of remedies applies when double compensation is threatened, plaintiff's conduct has misled defendant causing defendant to change his or her position in reliance on it, or the doctrine of *res judicata* is applicable. *Streams Condominium No. 3 Association v. Bosgraf* (1991), 219 Ill. App. 3d 1010, 580 N.E.2d 570.

■ For its argument that an election of remedies is a question of fact, plaintiff relies on a case from Washington, *Puget Sound Service Corp. v. Bush* (1986), 45 Wash. App. 312, 724 P.2d 1127. In *Puget*, the court indicated that whether an election occurred under a contract was a question of fact. However, plaintiff did not present authority from this jurisdiction that supports its position. In fact, there is authority in this jurisdiction for holding that the determination of whether a party has elected a remedy under a contract is appropriate for summary judgment. (*Northern Illinois Construction Co. v. Zale* (1985), 136 Ill. App. 3d 822, 483 N.E.2d 1013; *Bruno Benedetti & Sons, Inc. v. O'Malley* (1984), 124 Ill. App. 3d 500, 464 N.E.2d 292.) As a result, plaintiff's argument is without merit.

Plaintiff also argues that despite the fact that it withdrew its earnest money, it was sufficient to tender performance in the pleadings to obtain specific performance. Plaintiff alleged in its complaint that it was willing to deposit "further sums as necessary." Plaintiff relies on *National Super Markets, Inc. v. First National Bank* (1979), 72 Ill. App. 3d 221, 390 N.E.2d 602, and *Tantillo v. Janus* (1980), 87 Ill.

App. 3d 231, 408 N.E.2d 1000; however, neither of those cases considered an election of remedies and they are inapplicable here.

■ In this case, the contract allowed plaintiff the choice between two remedies: return of its earnest money or specific performance. Plaintiff requested and obtained its earnest money. As a result, it elected its remedy under the contract and could not also obtain specific performance, which would allow plaintiff double compensation. Therefore, the entry of summary judgment in defendant's favor was proper.

As an alternative ground for affirming summary judgment, defendant argued that a condition precedent of the contract was not satisfied when plaintiff failed to obtain a mortgage. Based on our decision, it is unnecessary to consider this argument.

Affirmed.

McNULTY, P.J., and MURRAY, J., concur.