ROBERT PRESTON, Plaintiff-Appellee, v. BELL TRUCKING, Defendant-Appellant.

Third District   No. 4—97—0526

Opinion filed April 9, 1998.

John W. Robertson and Daniel B. Stoerzbach, both of Barash & Stoerzbach, P.C., of Galesburg, for appellant.

Diane E. Greanias, of Peoria Heights, and Anne C. Rennick, of Rennick & Rennick, of Wyoming, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

In law, as in life, a few simple rules make everything run more smoothly. Two of those rules would have made a world of difference in the instant case: Read the instructions. Play by the rules. The defendant, Bell Trucking, failed to follow either of these rules. It failed to file an appearance with the Illinois Industrial Commission (Commission) before taking any action in a worker's compensation case. And it definitely did not follow the statute's mandate. As a result, we affirm the judgment of the circuit court in favor of the plaintiff, Robert Preston.

The facts in this matter are convoluted. To simplify them, we will note the important events according to date.

| | |
|---|---|
| 10/04/88 | Plaintiff was injured at work. |
| 09/19/90 | Plaintiff filed an Application for Adjustment of Claim with the Commission. He was represented by two attorneys with different office addresses. The Commission mistakenly entered one of plaintiff's attorneys into its master file as defendant's attorney. |
| 10/20/90 | Defendant's attorney notified plaintiff's attorneys that he would be representing defendant. |
| 05/15/91 | Plaintiff's attorney reminded defendant's attorney to file an appearance with the Commission. |
| 05/23/94 | Plaintiff's attorney reminded defendant's attorney a second time to file an appearance with the Commission. |
| 01/04/96 | Arbitration hearing held. |
| 01/29/96 | Arbitrator's award filed with the Commission. Notice sent to both of plaintiff's attorneys. No notice sent to defendant. |
| 02/05/96 | Plaintiff's attorney received the decision of the arbitrator. |
| 03/11/96 | Plaintiff's attorney demanded payment from defendant. |
| 03/18/96 | Defendant received a copy of arbitrator's decision. |
| 04/15/96 | Petition for review mailed by defendant. |
| 04/19/96 | Petition for review received by Commission. |
| 05/30/96 | Defendant filed appearance with the Commission. |
| 08/08/96 | Plaintiff moved to dismiss defendant's petition for review, claiming that the petition was untimely and that the Commission had lost jurisdiction. |

| | |
|---|---|
| 10/04/96 | Plaintiff filed complaint for enforcement of the arbitration award in the circuit court. |
| 10/15/96 | Plaintiff moved to stay proceedings before the Commission. |
| 10/24/96 | Commission ruled that the defendant's petition for review was timely but stayed further proceedings pending the outcome of the circuit court action. |
| 11/08/96 | Defendant filed a motion to dismiss plaintiff's circuit court action and a petition for sanctions pursuant to Supreme Court Rule 137. 155 Ill. 2d R. 137. |
| 12/13/96 | Defendant withdrew its motion to dismiss and petition for sanctions and tendered to plaintiff the amount of the arbitrator's award and interest. Defendant admitted that the fees and costs claimed by plaintiff's attorneys were reasonable but denied liability for those charges. |
| 12/16/96 | Circuit court imposed sanctions upon defendant for costs and fees both on arbitration and in the circuit court. |

## ANALYSIS

The complex pattern of facts leading to this appeal portends an equally complex solution. Fortunately, the answer is simple.

■ Section 19(i) of the Workers' Compensation Act provides that a party "upon taking any proceedings or steps *whatsoever*" before the Commission *shall* file his name and address, or the name and address of an agent upon whom all notices shall be served. (Emphasis added.) 820 ILCS 305/19(i) (West 1996). This section further provides that "[i]n the event such party has not filed his address, or the name and address of an agent as above provided, service of any notice may be had by filing such notice with the Commission." 820 ILCS 305/19(i) (West 1996).

■ When an arbitrator renders a decision and files that decision with the Commission, the Commission must immediately send copies of the decision to the parties. The parties then have 30 days from the day they receive the arbitrator's decision to file a petition for review before the Commission. 820 ILCS 305/19(b) (West 1996). Once these 30 days have passed with neither party filing a petition for review, the decision of the arbitrator becomes the decision of the Commission and is final. 820 ILCS 305/19(b) (West 1996).

■ If the employer refuses to pay compensation pursuant to a final award of the Commission, the employee may institute an action in circuit court to enforce the award. 820 ILCS 305/19(g) (West 1996). In such case, the court *shall* order the employer to pay reasonable attorney fees and costs for both the arbitration proceeding and the circuit court proceeding. 820 ILCS 305/19(g) (West 1996).

■ In the case at bar, the defendant failed to file an appearance with the Commission in clear violation of section 19(i) of the Act. By doing so, the defendant allowed the filing of documents with the Commission to serve as its notice of those documents. Such documents would include memorandums of arbitrators' decisions. Because the defendant did not provide the Commission with a name and address where notices could be sent, the filing of the arbitrator's decision with the Commission was sufficient to notify the defendant of the decision. Thus, the defendant is held to have received notice of the arbitrator's decision on January 29, 1996.

Working forward from that date, we find that the defendant's petition for review should have been filed on or before February 28, 1996. It was not. Thus, the decision of the arbitrator became the final decision of the Commission on that date.

Some 9½ months passed between the time the decision of the Commission became final and the time the defendant tendered payment to the plaintiff. During this time, the defendant filed an untimely petition for review, moved to dismiss the plaintiff's circuit court action, and even asked the circuit court to sanction the plaintiff's attorneys for filing his complaint. Still, the defendant contends that it did not "refuse" to pay the plaintiff's award. While the defendant may never have expressly stated, "We won't pay you," the fact that the defendant filed motion after motion seeking to be freed of its obligation certainly evinces a refusal to pay. We find that the defendant refused to pay the award to the plaintiff as that word is used in section 19(g) of the Act. See *Kleiboecker v. Industrial Comm'n*, 236 Ill. App. 3d 1020, 602 N.E.2d 912 (1992) (employer made no effort to comply with the decision of the Commission for over one month).

Because the defendant refused to pay the award of the Commission for over nine months, the plaintiff was entitled to reasonable attorney fees and costs. The defendant agreed that the fees and costs sought by the plaintiff were reasonable. Thus, we hold that the trial court properly awarded reasonable fees and costs to the plaintiff.

The judgment of the circuit court of Stark County is affirmed.

Affirmed.

McCUSKEY, P.J., and HOMER, J., concur.