Industrial Commission Division

March 6, 2000

       No. 1-98-4775WC     

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

INDUSTRIAL COMMISSION DIVISION

AGUSTIN MORA, SR.

Appellant,

v.

THE INDUSTRIAL COMMISSION 

and
 SEVEN STAR ELECTRONICS

Appellees.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court of Cook County.

No.  98 L 50010

Honorable

Joanne L. Lanigan,

Judge, Presiding.

JUSTICE COLWELL delivered the opinion of the court:
 

Claimant, Agustin Mora, 
filed an application for adjustment of claim pursuant to the Workers’ Compensation Act (Act) (820 ILCS 305/1 
et
 
seq
. (West 1994)), naming Seven Stars Electronics as respondent.  Although the arbitrator denied claimant’s motion to amend his application to name additional respondents, he awarded claimant temporary total disability (TTD) benefits and medical expenses.  The Industrial Commission (Commission) affirmed the arbitrator’s decision and denied claimant’s motion to add parties as respondent.  On administrative review, the circuit court of Cook County confirmed.

Claimant now asks this court to determine whether the Commission erred in denying his motion to amend his application for adjustment of claim to name additional respondents.  For the reasons that follow, we hold that the Commission properly denied claimant’s motion.

I. BACKGROUND

On February 6, 1995, claimant sustained an injury to his left ankle while at work.  Claimant was diagnosed with a closed comminuted left tibial plafond fracture.  Several days after his injury, claimant underwent an open reduction/internal fixation with the implantation of hardware.  On December 29, 1995, claimant filed an adjustment of claim pursuant to the Act.  The application listed "Seven Star Electronics" as employer-respondent.  Meanwhile, problems with claimant’s ankle persisted, and on February 8, 1996, claimant underwent an arthrodesis during which hardware was removed from his ankle.

A hearing was held before an arbitrator on May 21 and 23, 1996, June 25, 1996, and September 19, 1996.  Among those testifying on behalf of Seven Star Electronics was Mi Sun Park.  On June 25, 1996, Mi Sun, who testified through a Korean interpreter, stated that Seven Star Electronics did not have worker’s compensation insurance at the time that claimant was injured.  However, she admitted paying claimant half his regular salary during part of the time that claimant remained off work.  When asked what service she performed at Seven Star Electronics, Mi Sun responded, "I was just one owner."  Mi Sun later explained that her husband Hyung Park was the other owner of Seven Star Electronics.  Claimant’s counsel did not inquire further into the form of ownership of Seven Star Electronics.  At the close of testimony, 
the hearing was continued until July 18, 1996, ostensibly to clarify some confusion regarding the exhibits.  However, the record contains no transcript from the July 18, 1996, hearing.

Meanwhile, on July 23, 1996, claimant filed an amended application for adjustment of claim.  In addition to naming Seven Star Electronics as a respondent, the amended application named "Mi Sun & Hae D. Park" as additional employer-respondents.

The parties reconvened on September 19, 1996, for the purpose of conducting closing arguments.  Claimant presented his closing argument first.  Before beginning his argument, counsel for Seven Star Electronics informed the arbitrator that claimant’s application had been amended to name Mi Sun and Hae D. Park as additional respondents.  The following exchange then took place:

"THE ARBITRATOR: When was [the amended application] filed?

[CLAIMANT’S COUNSEL]: Approximately a month ago.  I don’t have the date.

THE ARBITRATOR: A month ago?

[SEVEN STAR ELECTRONIC’S COUNSEL]: Right.  It was well subsequent to the proof, your Honor.

THE ARBITRATOR: Don’t you think that the two Defendants should have a chance to defend themselves?

[CLAIMANT’S COUNSEL]: He could have brought them along today.  Not only that [
sic
] he assumed facts that are not in evidence, he said that we have no proof that they were owners where his own witness testified --

[SEVEN STAR ELECTRONIC’S COUNSEL]: I didn’t say anything along those lines.  I merely submitted the position of [claimant] relative to who the employer was.  And --

THE ARBITRATOR: As far as I am concerned, the only Respondent we have here is Seven Star Electronics."

At the conclusion of the arguments, the arbitrator took the matter under advisement.  Subsequently, claimant orally moved to amend his application "to add the second respondent to conform with the evidence that was provided at trial."  The arbitrator summarily denied the motion.

Ultimately, the arbitrator concluded that claimant was entitled to TTD benefits in the amount of $133.33 per week for 62 weeks (see 820 ILCS 305/8(b) (West 1994)) and medical expenses of $23,114.62 (see 820 ILCS 305/8(a) (West 1994)).  The Commission affirmed.  However, it denied claimant’s motion to amend his application for adjustment of claim to add parties as respondent, finding there was no evidence to support the motion.

In a well-reasoned order, the circuit court of Cook County confirmed the Commission’s decision to deny claimant’s motion to amend.  The court first found that since claimant did not file his amendment prior to the hearing before the arbitrator, Commission rules prohibited the amendment.  See 50 Ill. Adm. Code §7020.20(e) (1995).  Second, the court observed that claimant’s amendment did not fall within the rule allowing amendments to applications for adjustment of claim to be made during an arbitration hearing because claimant did not move to amend at the time he first learned that Mi Sun Park and her husband were owners of Seven Star Electronics.  Third, the court noted that pleadings may be amended at any time to conform to the proofs.  However, since claimant did not prove that Mi Sun Park and her husband owned Seven Star Electronics in any form, he could not amend his application to conform to the proofs.

The court further determined that the amendment was a nullity because claimant did not obtain leave to amend his application from the arbitrator until closing arguments.  See 
First Robinson Savings & Loan v. Ledo Construction Co.
, 210 Ill. App. 3d 889, 892 (1991).  In any event, the court determined that the arbitrator did not abuse his discretion in denying claimant’s motion to amend because: (1) there was no evidence that claimant’s original application was defective; (2) the amendment was not timely made and claimant had previous opportunities to amend; (3) permitting amendment would prejudice Mi Sun Park and Hae D. Park by depriving them of the opportunity to present evidence regarding their ownership of Seven Star Electronics; and (4) denying the proposed amendment would not prejudice claimant.  Subsequently, claimant filed a timely notice of appeal with this court.

II.  ANALYSIS

A.

Relying on section 7020.20(b) of the Commission Rules (50 Ill. Adm. Code §7020.20(b) (1995)), claimant initially alleges that the Commission’s decision to deny his motion to amend his application for adjustment of claim was incorrect as a matter of law.  We disagree.

In construing rules and regulations promulgated by an administrative agency, the same rules used to interpret statutes apply.  
People v. Selby
, 298 Ill. App. 3d 605, 612 (1998); 
LaBelle v. State Employees Retirement System of Illinois
, 265 Ill. App. 3d 733, 736 (1994).  The fundamental rule of statutory construction is to ascertain the intent of the lawmakers.  
Selby
, 298 Ill. App. 3d at 612.  In ascertaining the legislative intent, we must look at the specific language of the rule or regulation and evaluate the wording in its entirety.  
Selby
, 298 Ill. App. 3d at 612.  If the language of the rule or regulation is clear, it should be given effect without resorting to other aids for construction.  
Michalski v. Industrial Comm’n
, 229 Ill. App. 3d 1079, 1081-82 (1992).

While claimant relies on section 7020.20(b) of the Commission Rules, a discussion of section 7020.20(e) (50 Ill. Adm. Code §7020.20(e) (1995)) of the Commission Rules is inexplicably absent from claimant’s opening brief.  Section 7020.20(e) provides:

 "Applications for Adjustment of Claim may be amended
 prior to a hearing on the merits
 by filing an Amended Application for Adjustment of Claim under the letter and number given in the original Application of Adjustment of Claim.  The Amended Application for Adjustment of Claim must be clearly labeled "Amended" and must have attached to it proof that the filing party has served a copy of the Amended Application for Adjustment of Claim on the opposing party in the manner set forth in Section 7020.70."  (Emphasis added.)  50 Ill. Adm. Code §7020.20(e) (1995).

Pursuant to the plain language of section 7020.20(e), claimant was required to file an amendment to his application prior to the hearing on the merits.  A hearing on the merits of claimant’s original application commenced May 21, 1996.  However, claimant did not file the amendment to his application until July 23, 1996.  Accordingly, claimant did not timely file the amendment.

Claimant’s reliance on section 7020.20(b) of the Commission Rules is misplaced.  Section 7020.20(b) provides:

"An application for Adjustment of Claim must be limited to one accident or claim.  After an Application has been filed with the Commission, any other Applications for Adjustment of Claim covering that accident, but naming a different employer, shall be assigned the same docket number as the original application.  Nothing herein shall bar the filing of an Amended Application for Adjustment of Claim."  50 Ill. Adm. Code §7020.20(b) (1995).

Pursuant to section 7020.20(b), a claimant may file multiple applications for adjustment of claim arising out of a single accident, but naming different employers.  However, by reading the last sentence of section 7020.20(b) in isolation, claimant places undue emphasis upon it.  The last sentence of section 7020.20(b)  indicates that the filing of multiple claims arising out of the same accident, but naming different employers, does not bar subsequent amendments to previously-filed applications.

Moreover, contrary to claimant’s suggestion, the amendment may not be made at any time.  Rather, section 7020.20(e) dictates the time frame within which the amendment may be made, 
i.e.
, prior to a hearing on the merits.  As discussed previously, claimant’s amendment was untimely because it was not filed prior to a hearing on the merits.

In his reply brief, claimant notes that the first sentence of section 7020.20(e) provides, "Applications for Adjustment of Claim 
may
 be amended prior to a hearing on the merits by filing an Amended Application for Adjustment of Claim under the letter and number given in the original Application of Adjustment of Claim." (Emphasis added.)  Claimant insists that the use of permissible language in section 7020.20(e) supports his contention that an amendment to an application for adjustment of claim may be filed 
after
 a hearing on the merits has commenced as well as before said hearing has begun.  We disagree.

Pursuant to section 7020.20(e), it is the filing of the amendment itself that is permissible.  However, section 7020.20(e) clearly indicates that any amendment must be filed prior to a hearing on the merits.  It is a basic tenet of statutory construction that a statute should be construed so that no word or phrase is rendered superfluous or meaningless.  
People v. Mathews
, 304 Ill. App. 3d 514, 520 (1999).  Adoption of claimant’s interpretation of section 7020.20(e) would render the "prior to a hearing on the merits" language mere surplusage.

B
.

Claimant also argues that the Commission abused its discretion in denying his motion to amend the application to add Mi Sun Park and Hae D. Park as additional respondents.  Claimant first asserts that his amendment should have been allowed because it was intended to conform the pleadings to the evidence presented at trial.  Specifically, claimant argues that shortly after he learned at the June 25, 1996, hearing that Mi Sun Park was an owner of Seven Star Electronics, he filed his amended application for adjustment of claim to conform to this evidence.  Claimant relies principally on 
Caterpillar Tractor Co. v. Industrial Comm’n
, 215 Ill. App. 3d 229 (1991).

An amendment to an application for adjustment of claim may be properly made to conform to the evidence already in the record.  See, 
e.g.
, 
McLean Trucking Co. v. Industrial Comm’n
, 96 Ill. 2d 213, 218-19 (1983); 
Reliance Elevator Co. v. Industrial Comm’n
, 171 Ill. App. 3d 18, 22 (1988).  However, as the circuit court pointed out, the problem in the instant case is that there is no evidence in the record as to the form of ownership of Seven Star Electronics.  While Mi Sun Park stated that she and her husband were owners of Seven Star Electronics, claimant did not question Mi Sun whether she and her husband owned Seven Star Electronics as sole proprietors, partners, or shareholders.  The ownership structure of Seven Star Electronics is pivotal in determining whether Mi Sun and/or her husband could be named as additional respondents.

The circuit court also observed that at the hearing, Mi Sun spelled her husband’s name as H-y-u-n-g Park.  However, the individual named as an additional respondent in claimant’s amended application is "Hae D. Park."  This discrepancy further complicates the issue whether the proposed amendment would necessarily conform to the evidence proffered at the hearing.

We further find that 
Caterpillar Tractor Co.
 is not dispositive of this case.  The issue in 
Caterpillar Tractor Co.
 was whether the Commission could consider 
sua sponte
 for the first time on review a new theory of recovery.  
This court determined that the Commission could consider such a theory because the Commission has original jurisdiction in cases which come before it and there was evidence in the record which supported the new theory of recovery even though it was not raised by the claimant before the arbitrator.  
Caterpillar Tractor Co.
, 215 Ill. App. 3d at 237.  We also noted that because evidence of this new theory of recovery was present in the record, and the respondent therefore had the opportunity to defend its position under the new theory, the respondent would not be prejudiced by permitting the Commission to consider the new theory for the first time on review.  
Caterpillar
 
Tractor Co.
, 215 Ill. App. 3d at 239-40.

In this case, claimant did not elicit any evidence regarding the business classification of Seven Star Electronics.  Indeed, there is no evidence in the record regarding the business classification of Seven Star Electronics or evidence that claimant intended to originally name Mi Sun Park or Hae D. Park as respondents.  Moreover, the Parks did not have the opportunity to testify regarding their roles in the ownership of Seven Star Electronics.  Therefore, claimant’s reliance on 
Caterpillar Tractor Co.
 is misplaced.

C.

Claimant 
next argues that because Illinois law favors the liberal amendment of pleadings (
Ryan v. Mobil Oil Corp.
, 157 Ill. App. 3d 1069, 1074 (1987)), we should liken this situation to pleadings in a civil case.  Specifically, claimant cites to section 2-616 of the Civil Practice Law (735 ILCS 5/2-616 (West 1994)).  He 
further argues that the factors used by trial courts to determine whether to allow amendments to pleadings favor amendment here. 

While it has been held that an application for adjustment of claim is "in the nature of a pleading" (
Fleming v. Industrial Comm’n
, 95 Ill. 2d 329, 335 (1983); 
Consolidated Coal Co. v. Industrial Comm’n
, 320 Ill. 281, 283 (1926)), the rules applicable to an application for adjustment of claim are not as formal as the rules applicable to pleadings.  
Caterpillar Tractor Co.
, 215 Ill. App. 3d at 238.  However, "when the rule whose relaxation is in question is more than a merely formal requirement and touches substantial rights of fair play, no relaxation is justified ***."  
Caterpillar Tractor Co.
, 215 Ill. App. 3d at 238-39, citing 2B A. Larson, Workmen’s Compensation Law §77A.00, at 15-1 (1989).  As the circuit court properly noted, whether to allow claimant’s amendment is more than a merely formal requirement; it affects the substantive rights of Mi Sun and Hae D. Park.  Therefore, in entertaining claimant’s contention, we rely on the Civil Practice Law and the cases interpreting said law.  In addressing this issue, we do not intend to imply that the Civil Practice Law is applicable to worker’s compensation proceedings.  See 
Lawyles v. Industrial Comm’n
, 246 Ill. App. 3d 226, 229 (1993) (noting that the Civil Practice Law is generally not applicable to worker’s cases).  We merely recognize that, because the adjustment for application of claim is "in the nature of a pleading," the Civil Practice Law and the cases interpreting it provide useful guidance in addressing this issue. 

Section 2-616(a) of the Civil Practice Law permits the amendment of pleadings "at any time before final judgment *** on just and reasonable terms[.]" 735 ILCS 5/2-616(a) (West 1994).  While Illinois courts are encouraged to freely and liberally allow the amendment of pleadings, a party’s right to amend is not absolute.  
In re Purported Election of Durkin
, 299 Ill. App. 3d 192, 203 (1998).  Accordingly, a party first must seek and obtain from the court permission to file a proposed amendment.  
First Robinson Savings and Loan
, 210 Ill. App. 3d at 892.  An amended pleading that adds additional parties without leave of court is a nullity.  
First Robinson Savings and Loan
, 210 Ill. App. 3d at 892; 
Callaghan Paving, Inc. v. Keeneyville Construction Co.
, 197 Ill. App. 3d 937, 939 (1990).  Absent an abuse of discretion, we will not disturb a trial court’s decision regarding the amendment of pleadings.  
In re Purported Election of Durkin
, 299 Ill. App. 3d at 203.

In this case, claimant’s failure to seek leave to file his proposed amendment from the arbitrator renders the proposed amendment a nullity.  Moreover, consideration of the factors used in determining whether a trial court abused its discretion by allowing or denying amendment of pleadings leads us to the conclusion that the proposed amendment was properly denied.  In determining whether the denial of a party’s motion to amend a pleading resulted in an abuse of discretion, we consider whether: (1) the proposed amendment would cure the defective pleading; (2) previous opportunities to amend the pleadings could be identified; (3) other parties would sustain prejudice or surprise by virtue of the proposed amendment; and (4) the proposed amendment was timely filed.  
Miller v. Pinnacle Door Co.
, 301 Ill. App. 3d 257, 261 (1998).

We initially note that there is no evidence in the record to indicate that claimant’s pleading was even defective.  In addition, claimant’s request was not timely made, and there were previous opportunities to amend the application.  It was following Mi Sun Park’s testimony on June 25, 1996, that claimant first learned that he may have needed to add additional respondents.  However, instead of requesting leave to amend on that date, he waited until July 23, 1996, to file his amended application.  Additionally, claimant did not orally move to amend until September 19, 1999, the date that the parties gave their closing arguments.  The trial court found that claimant should have requested leave to amend on June 25, 1996, because a request at that time would have allowed the necessary evidence to be presented so that the arbitrator could have decided whether the additional parties could have been properly added.  We agree.

Furthermore, allowing claimant to amend his application to add Mi Sun Park and Hae D. Park as of September 19, 1996, would have resulted in prejudice to the Parks.  As the arbitrator commented, allowing the proposed amendment at such a late stage would deprive the Parks of the opportunity to present any evidence regarding their ownership in Seven Star Electronics and to defend themselves.  Claimant suggests that because Mi Sun Park knew of his accident, she would not be prejudiced if the proposed amendment were allowed.  However, the proposed amendment does not address the facts of the underlying accident.  Rather, the proposed amendment seeks to name the alleged owners of Seven Star Electronics.  However, the named individuals did not have the opportunity to refute claimant’s contention.  Thus, the fact that Mi Sun Park knew of the underlying accident is irrelevant in determining whether either of the Parks would be prejudiced.

Finally, as the trial court discussed, since the statute of limitations had not expired at the time that claimant’s proposed amendment was denied on September 19, 1996, he had the right to file a new application for adjustment of claim naming Mi Sun Park and Hae D. Park as respondents.  See 820 ILCS 305/6(d) (West 1994).  Nevertheless, claimant took no further action. 

III. CONCLUSION

For the aforementioned reasons, we find that the Commission properly denied claimant’s motion to amend his application for adjustment of claim to add Mi Sun Park and Hae D. park as respondents.  Therefore, we affirm the decision of the circuit court of Cook County.

Affirmed.

McCULLOUGH, P.J., RAKOWSKI, HOLDRIDGE, and RARICK, JJ., concur.