ROBERT PRESTON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Bell Trucking, Appellee).

Third District (Industrial Commission Division)    No. 3—01—0697WC

Opinion filed July 8, 2002.

Diane E. Greanias, of Peoria Heights, for appellant.

Mark M. Flannery, of Hinshaw & Culbertson, of Peoria, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Robert Preston appeals from an order of the circuit court of Stark County confirming the November 22, 1999, decision of the Illinois Industrial Commission (Commission) denying claimant's claim for additional compensation and attorney fees under sections 19(k), 19(l), and 16 of the Workers' Compensation Act (Act) (820 ILCS 305/19(k), 19(l), 16 (West 1998)). The respondent employer is Bell Trucking. The issues are whether (1) the Commission's decision is void because the procedures employed violated claimant's right to due

process; (2) the Commission's denial of additional compensation and attorney fees was invalid because the Commission did not have a sufficient record before it to make that determination; and (3) the Commission's denial of additional compensation and attorney fees was contrary to law or against the manifest weight of the evidence. We affirm.

Claimant filed an amended petition for additional compensation and attorney fees subsequent to the arbitrator's award. This same arbitrator's award was the subject of a section 19(g) proceeding, and the relevant underlying facts are set out in a Third District Appellate Court decision in that case. *Preston v. Bell Trucking*, 295 Ill. App. 3d 659, 660-61, 693 N.E.2d 506, 507 (1998). In the section 19(g) proceeding, claimant was awarded judgment on the arbitrator's award of $74,144.64, arbitration attorney fees of $14,828.93, $1,651.70 arbitration costs, $71 for the section 19(g) filing fee, $6,406.25 section 19(g) attorney fees, $155.55 section 19(g) costs and section 2—1303 interest of $5,886.16 from January 24, 1996, through December 13, 1996, and $18.28 per day until award, interest and section 19(g) sanctions are paid in full. In an opinion filed April 9, 1998, the appellate court affirmed the trial court's judgment in the section 19(g) proceeding, specifically finding that "[b]ecause the defendant refused to pay the award of the Commission for over nine months, the plaintiff was entitled to reasonable attorney fees and costs." *Preston*, 295 Ill. App. 3d at 662, 693 N.E.2d at 508. In the appellate court, claimant also filed a motion for sanctions pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)) on May 6, 1998, that the appellate court denied on May 21, 1998.

■ Section 19(g) of the Act provides that a party may obtain a judgment based on a final award of an arbitrator or decision of the Commission "when no proceedings for review are pending." 820 ILCS 305/19(g) (West 1998). The record does not disclose that the Commission took any further action on respondent employer's petition for review.

In this case, the Commission found the following facts. Respondent employer hand delivered to claimant a check for the arbitrator's award and interest conditioned upon full satisfaction of all sums owing on December 6, 1996, and on December 9, 1996, claimant rejected the tender. The circuit court's decision in the section 19(g) proceeding was rendered on December 16, 1996. After the appellate court's decision in the section 19(g) proceeding, on May 18, 1998, claimant filed with the Commission an amended petition for additional compensation under section 19(k) and attorney fees under section 16 of the Act. On October 19, 1998, claimant filed a petition for additional compensation under

section 19(*l*) of the Act. On October 27, 1998, claimant filed another amended petition based on nonpayment of medical expenses. On July 7, 1999, respondent employer filed a response to the petitions. Claimant filed a supplemental argument on September 13, 1999.

The Commission denied claimant's petition for additional compensation under section 19(k) and attorney fees under section 16, finding that the respondent employer reasonably believed it had a valid review pending before the Commission. The Commission also found that the appellate court's denial of the request for sanctions under Rule 375(b) included an implicit finding that the issues raised in the appeal in *Preston* were not frivolous and the appeal was taken in good faith. The Commission found that respondent employer's delay in paying the arbitrator's award was not unreasonable, vexatious, deliberate, or the result of bad faith or an improper purpose. The Commission also denied the claim for additional compensation under section 19(*l*) because the petition filed October 19, 1998, was time-barred, not having been filed within two years after the arbitrator's award. The Commission cited section 13—202 of the Code of Civil Procedure (Code) (735 ILCS 5/13—202 (West 1992)) and *Blacke v. Industrial Comm'n*, 268 Ill. App. 3d 26, 644 N.E.2d 23 (1994).

In this appeal, claimant raises issues concerning the Commission's handling of her petition to disqualify Commissioners Douglas F. Stevenson and Richard M. Gilgis filed June 23, 1998. Commissioner Gilgis was not assigned to this case, and the Commission did not address the motion to disqualify relative to Commissioner Gilgis. An evidentiary hearing was conducted on December 17, 1998, presided over by Commissioner Stevenson. Prior to that hearing, claimant filed a motion to vacate the order setting the hearing on the ground that the Commission had no authority to conduct an evidentiary hearing. The Commission conducted the hearing and denied claimant's petition to disqualify Commissioner Stevenson in an order entered February 11, 1999. The record on appeal contains other petitions to disqualify and transcripts relative to those petitions in other cases before the Commission wherein claimant's attorney sought to disqualify commissioners. Those records were before the Commission at the hearing to disqualify in this case.

Claimant argues that the Commission's denial of additional compensation and attorney fees is void because of Stevenson's participation, contending that the decision in this case was entered without statutory authority. In *Siddens v. Industrial Comm'n*, this court recognized that the Commission can entertain a petition for additional compensation and attorney fees based on an alleged unreasonable and vexatious delay of payment of an award. See *Siddens v.*

*Industrial Comm'n*, 304 Ill. App. 3d 506, 513, 711 N.E.2d 18, 23 (1999). Claimant further contends that the Commission does not have the statutory authority to act in violation of due process. Section 19 of the Act does not authorize the entry of a decision by the Commission in violation of due process. *Interstate Contractors v. Industrial Comm'n*, 81 Ill. 2d 434, 438, 410 N.E.2d 837, 839 (1980); *Gotter v. Industrial Comm'n*, 152 Ill. App. 3d 822, 826, 504 N.E.2d 1277, 1279 (1987). Claimant argues there was a violation of his right to due process because Commissioner Stevenson was not disqualified. The parties agree that the Act does not provide for the procedure employed by the Commission in this case, *i.e.*, an evidentiary hearing on a motion to disqualify filed prior to a Commission review proceeding.

■ The Act is a purely statutory remedy. See *Elles v. Industrial Comm'n*, 375 Ill. 107, 113, 30 N.E.2d 615, 618 (1940). The Code and supreme court rules do not apply to workers' compensation proceedings where the Act or the Commission's rules regulate the area or topic. *Illinois Institute of Technology Research Institute v. Industrial Comm'n*, 314 Ill. App. 3d 149, 154, 731 N.E.2d 795, 800 (2000). However, they may be relied on for guidance without finding that they are applicable to workers' compensation proceedings. *Mora v. Industrial Comm'n*, 312 Ill. App. 3d 266, 274, 726 N.E.2d 650, 656 (2000) (discussing amendment of an application for adjustment of claim).

■ When a party requests oral argument in a Commission review proceeding, such argument is to be heard by a panel of three commissioners comprised of no more than one from the employing class and one from the employee class, and a decision of the Commission is to be approved by a majority of that panel. 820 ILCS 305/19(e) (West 1998); *Alexander v. Industrial Comm'n*, 306 Ill. App. 3d 1081, 1085 (1999). Commission rules require that an arbitrator or commissioner with a financial or other interest in the outcome of any litigation or any question connected therewith shall not participate in the adjudication of the cause. 50 Ill. Adm. Code § 7030.30(a) (1999). The Commission's rule then gives examples of when disqualification should occur. 50 Ill. Adm. Code § 7030.30(b) (1999). If the arbitrator or commissioner discloses the basis for disqualification, the parties and attorneys may agree in writing that the arbitrator's or commissioner's interest is immaterial, and then the arbitrator or commissioner may thereafter participate in the proceeding. 50 Ill. Adm. Code § 7030.30(c) (1999). Otherwise, the case is reassigned. 50 Ill. Adm. Code § 7030.30(d) (1999). When a commissioner withdraws from a case on review, that commissioner is to be replaced by a representative from the same statutorily designated class. 50 Ill. Adm. Code § 7030.30(d)(2) (1999).

Here, claimant sought to disqualify both of the employing class representatives on the Commission.

■ The Act and the Commission rules do not provide for the substitution of a commissioner as of right. See 735 ILCS 5/2—1001(a)(2) (West 2000) (providing for substitution of judge as of right). The Commission has adopted a substitution-for-cause system. There is nothing in the Act that prevents the Commission from conducting a hearing on a petition for disqualification of a commissioner. Claimant has not demonstrated an abuse of discretion by the Commission in conducting a hearing on his petition to disqualify commissioner Stevenson. See 735 ILCS 5/2—1001(a)(3)(iii) (West 2000).

■ The Commission determined, based on the history of cases in which claimant's attorney attacked the impartiality of employing-class commissioners and the other evidence presented, that there was no merit to the petition to disqualify commissioner Stevenson. In addition, claimant provided no evidence at the hearing before the Commission to support his allegation of the petition to disqualify. Instead, the claimant relied on the legal argument that the Commission could not hear any evidence or rule on his allegation of fraud. The claimant's petition was not verified and no affidavit in support of the petition was submitted therewith. See 735 ILCS 5/2—1001(a)(3)(ii) (West 2000). Indeed, claimant argued to the Commission that the truth or falsity of the allegations of his petition to disqualify was irrelevant at the disqualification stage in the Commission proceedings.

Claimant failed to establish that commissioner Stevenson was financially or otherwise interested in the outcome of the case. The Commission's finding that he was not so interested was not against the manifest weight of the evidence or an abuse of discretion. Claimant has failed to establish a violation of due process that would render the Commission's decision a nullity.

Although we find no error in the handling of the petition to disqualify in this case, in reaching that result, we are cognizant of the fact that two commissioners, neither of whom was the subject of the petition to disqualify, concurred in the denial of the petition to disqualify. In the future, we suggest that a hearing on a petition to disqualify a commissioner not be conducted before a commissioner who is the subject of the petition. We further recommend that the commission promulgate a rule to address the procedural handling of petitions to disqualify commissioners.

■ We summarily reject claimant's argument that the record was not sufficient to enable the Commission to rule on the merits of his petition. The Commission's decision specifically found the dates when relevant events occurred beginning with when the arbitrator's award

was filed with the Commission. Claimant does not argue that this chronology of events found by the Commission did not occur as the Commission found. Claimant does not argue that or explain how the documents relating to the underlying worker's compensation claim are material to the issues before this court or the Commission. Claimant has failed to identify how the absence of the earlier documents from the record on appeal negatively affects the ability of the Commission to make a reasoned and fair decision; prejudices his ability to argue his points on appeal; or affects this court's ability to review the Commission's decision denying additional compensation and attorney fees. The facts relevant to the issues before this court all arose subsequent to the arbitrator's award.

The final issue is whether the Commission's denial of additional compensation and attorney fees was contrary to law or against the manifest weight of the evidence. Within this issue, the claimant presents a number of contentions.

■ As to the amended petition seeking section 19(*l*) penalties, this court has determined that a two-year statute of limitations pursuant to section 13—202 of the Code (735 ILCS 5/13—202 (West 1998)) applies to petitions for additional compensation under sections 19(k) and 19(*l*) of the Act. *Blacke*, 268 Ill. App. 3d at 30, 644 N.E.2d at 26. Claimant does not dispute that. Claimant also does not dispute that the petition for additional compensation under section 19(*l*) was filed more than two years after the arbitrator's decision on January 29, 1996. *Blacke* did not discuss when a cause of action for additional compensation under sections 19(k) and 19(*l*) accrued.

■ Claimant argues that his section 19(*l*) petition was timely because it related back to the original petition for additional compensation filed in April 1996. It is clear that the April 1996 petition was filed before the arbitrator's award. It could not have alleged facts that occurred subsequent to the arbitrator's award. As such, the April 1996 and October 19, 1998, petitions relate to different factual allegations, *i.e.*, two separate causes of action arising at different times. Whether an amended pleading relates back to an earlier filed pleading depends on whether the later pleading arises out of the same facts or occurrences so as to put the defendant on notice. See *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 107-08, 672 N.E.2d 1207, 1222-23 (1996); *Vincent v. Williams*, 279 Ill. App. 3d 1, 8, 664 N.E.2d 650, 655 (1996), quoting *Weber v. Cueto*, 253 Ill. App. 3d 509, 516, 624 N.E.2d 442, 448 (1993). The Commission's determination that claimant was not entitled to additional compensation and attorney fees under the facts of this case is not against the manifest weight of the evidence.

Moreover, by instituting a section 19(g) proceeding, claimant was precluded from pursuing additional compensation and attorney fees under sections 19(k) and 16. The existence of a final arbitrator's award or Commission decision is a prerequisite to initiating a section 19(g) action. 820 ILCS 305/19(g) (West 1998).

Claimant acknowledges that a pending petition for additional compensation and attorney fees is equivalent to a petition for review by the Commission for the purpose of preventing the institution of a section 19(g) action. See *Keystone Steel & Wire v. Cooksey*, 228 Ill. App. 3d 429, 432, 592 N.E.2d 1131, 1133 (1992) (finding a lack of subject matter jurisdiction). In instituting the section 19(g) proceeding, claimant made a binding judicial admission that the Commission decision was final, meaning no petition for additional compensation and attorney fees was pending. Under section 19(g), the plaintiff seeks entry of a judgment and may ask for costs and attorney fees in the arbitration proceedings and in the court upon a finding that the respondent refused to pay compensation. Section 19(g) is a method for enforcing a Commission decision or arbitrator's award alternative to sections 19(*l*), 19(k), and 16.

The purpose of enrolling a Commission decision or an arbitrator's award as a judgment is to enable enforcement of the award in the courts (see 735 ILCS 5/12—101 *et seq.* (West 2000)), including the collection of interest on the judgment (735 ILCS 5/12—109 (West 2000)). The doctrine of election of remedies applies when double compensation is threatened, the opposing party changes position in reliance on it, or *res judicata* applies, so that the election of a remedy is deemed an abandonment of another remedy. *SJS Investments, Ltd. v. 450 East Partnership*, 232 Ill. App. 3d 429, 432, 597 N.E.2d 1213, 1215 (1992). Whether an election of remedies has occurred is a question of law. See *SJS Investments*, 232 Ill. App. 3d at 432, 597 N.E.2d at 1215. Here, double compensation was threatened.

In this case, claimant elected his remedy by proceeding under section 19(g) and was therefore foreclosed from returning to the Commission in an attempt to reopen an already final Commission decision. It is unnecessary to discuss claimant's contentions regarding law of the case, *res judicata*, and collateral estoppel.

Finally, we note that a review of the record in this case shows that the issues presented in this appeal, relating to section 19(g), section 19(k), and section 16 attorney fee sanctions pursuant to Supreme Court Rule 375, were issues discussed in the Third District Appellate Court decision of *Preston v. Bell Trucking* and in a decision of the United States District Court, Central Division of Illinois, *Preston v. Bell Trucking*, No. 01—1101 (C.D. Ill. 2001).

The order of the circuit court of Stark County confirming the Commission's decision is affirmed.

Affirmed.

HOFFMAN, HOLDRIDGE and RARICK, JJ., concur.

JUSTICE O'MALLEY, dissenting:

The majority correctly states that the Code of Civil Procedure may provide guidance as to how the Commission should address a motion for substitution of a commissioner. Under the Code, a petition for the substitution of a trial judge for cause is to be heard "by a judge other than the judge named in the petition." 735 ILCS 5/2—1001(a)(3)(iii) (West 2000). A similar provision governs motions for substitution of a trial judge for cause in a criminal case. See 725 ILCS 5/114—5(d) (West 2000) ("Upon the filing of [a motion for substitution for cause] a hearing shall be conducted *** by a judge not named in the motion ***"). My research has uncovered no published authority in Illinois indicating the proper procedure for the disposition of a motion for substitution of an appellate or supreme court justice. Foreign jurisdictions are divided over whether an appellate judge may participate in the determination of a motion for substitution filed against him. Compare *In re Estate of Carlton*, 378 So. 2d 1212, 1216 (Fla. 1980) (motion for disqualification of appellate justice left "to the discretion of the justice sought to be disqualified"), with Tex. R. App. P. 16.3(b) (precluding appellate judge from participating in disposition of motion for disqualification filed against him). I believe the impartiality that insures the fairness of adjudication is not preserved when the adjudicator whose impartiality is challenged himself decides whether he is impartial.

Without passing on the form or merit of claimant's petition, I conclude that a commissioner is not the proper party to determine whether he, himself, should be removed from a workers' compensation case for cause. As Commissioner Stevenson was on the panel that sat in judgment of Stevenson's potential disqualification, I would remand the cause for a determination of claimant's petition by someone other than Commissioner Stevenson. The majority's suggestion as to what procedures the Commission should follow in the future does not remedy the prejudice that has already occurred. Therefore, I dissent.